*24 Vroom.* Davis v. Cherry.

THE STATE, ADAM T. DAVIS ET AL., PROSECUTORS, v. JOHN CHERRY ET AL., EXCISE COMMISSIONERS, DEFENDANTS.

1.  The title of "An act to establish an excise department in cities of this state" expresses the object of the act, and the act does not embrace more than one object.
2.  This act does not confer upon the board of commissioners organized under it the power to pass an ordinance providing for the payment of a fee to the city clerk for each license granted, nor for the appointment of inspectors at a salary.

This writ of *certiorari* brings up an ordinance passed by the board of excise of the city of Camden.

Argued at June Term, 1890, before Justices VAN SYCKEL, SCUDDER and REED.

For the prosecutors, *Alfred Hugg.*

For the defendants, *J. Willard Morgan.*

The opinion of the court was delivered by

REED, J. The board of excise of the city of Camden is organized in pursuance of an act of the legislature, passed in 1884, to be found in *Supplement to the Revision, p.* 695. It is not contended that the board was not organized in strict pursuance of the terms of that act.

The objections set out in the reasons are of two kinds. One class attacks the validity of the act of the legislature, and the other attacks the ordinance adopted by the board of excise.

The objections to the statute, made upon the argument, were limited to two constitutional criticisms of the act—*first,* that the title did not express the object of the legislature, and, *second,* that the act embraced two objects.

There is, I think, no substance in either of these criticisms. The first objection is, that the act by its title purports to establish excise boards, when in fact it delegates to common councils the authority to establish them. But it is obvious

that the establishment of the board of excise by any legal means is within the title. The means by which it is established, or the powers with which it is vested, so long as those powers are confined to the regulation of matters of excise, are neither aside from the objects expressed in the title nor are the objects diverse or double.

The other objections named in the reasons are disposed of in the case of *Riley* v. *Trenton,* 22 *Vroom* 498.

The other class of reasons are leveled at the ordinance passed by the board of excise.

The first objection is, that this ordinance, in section 15, gives the clerk a fee of $5 for each license granted, such fee to be paid by the applicant.

The power to pass ordinances is derived by the board from the act of 1886. *Rev. Sup., p.* 696. The act provides that such board shall have the sole power within such city to make, establish, amend or repeal ordinances and by-laws to license and regulate or prohibit inns and taverns, restaurants and beer saloons, and when licensed to revoke or transfer such license, and to prohibit all traffic in or sale of intoxicating drink or drinks, &c.

The act provides that the salary of the commissioners shall be fixed by ordinance (obviously of the common council) and shall not exceed $300 each per year, said salary to be paid out of the license fees. It provides that the clerk of the city shall be clerk of the board, and that all fees shall be paid over to him, to be by him paid to the city treasurer.

There is no power conferred upon the board of excise commissioners to fix a compensation for the clerk.

His duty in respect to licenses arises from the fact that he is clerk of the city, and the duty is thrown upon him in his official character as such.

The act provides that he shall, in addition to his other duties, act as the clerk of said commissioners. The common council, by virtue of their power under the charter, can fix his salary and can adjust it according to the value of any in-

creased labor which may be imposed upon him, but no such power is given to the excise board.

The second objection is directed against the twenty-first section of the ordinance, which provides for the appointment of three inspectors at the pay of $75 per month.

The counsel for the defendants bases the authority of the board to pass this section upon the power conferred in the act of 1886. The power is said to be found in these words : " To prescribe and enforce a penalty or penalties, either by fine or imprisonment, for the violation of such ordinances or by-laws, which said penalties shall be enforced and collected by said board of excise commissioners in the same manner as other penalties are enforced and collected in any such city."

This language, in my judgment, falls far short of sustaining this part of the ordinance.

It is true that the ordinances are to be enforced by either a fine or imprisonment provided for by an ordinance. But this language does not authorize the employment of officers at an expense nowhere provided for, nor does the subsequent language of the act, providing that these penalties shall be enforced and collected by the board of excise commissioners, mean more than that the board shall see that the municipal law shall be put in operation against those who violate such ordinances.

The act seems clearly opposed to the notion that this board can incur expenses to be taken out of the fees, or expenses which can become debts against the city. The only provision for a payment out of the fees is in respect to the salary of the commissioners, and that salary is paid by the city. All the fees are to be paid over to the city treasurer through the hands of the clerk.

The power of this board rests upon the strict terms of the act.

The authority exercised to appoint independent officers to be paid out of the city treasury is nowhere given. If it exists at all, then this board, erected for a special and limited purpose, has the power to organize a government of its own

alongside of the city government. It has power to create a police system of its own, with chief officers and detectives of its own; to provide for a solicitor and counsel in its litigation, and to fix salaries at any amount within its discretion for such officers. This is not within the scope of the power given.

The violation of these excise ordinances are as much within the cognizance of the police department of the city as is the breach of any other municipal ordinances. If there is need of special service in respect to these ordinances, regular officers can be assigned by the municipal police department. Their enforcement, and the collection of penalties, are to be accomplished, so far as the litigation involved is concerned, by that law officer of the city whose business it is to conduct the proceedings for the enforcement of other ordinances.

That part of the ordinance providing for a fee for the clerk and that part providing for compensation to inspectors are adjudged to be void.

This does not affect the ordinance itself in its main features for granting licenses, and, therefore, the judgment of the court only applies to the two features mentioned.