EDWARD R. WALLACE v. WILLIAM C. HENDEE.

Submitted July 3, 1902—Decided November 10, 1902.

On *certiorari*, the findings of fact certified by the Court of Common Pleas showed that a certain written instrument did not express the true agreement between the parties, and the findings set forth the terms of the actual agreement, without certifying by what evidence it was proven. *Held*, that from this alone it is not to be presumed that verbal evidence was accepted as varying the terms of the written instrument.

On *certiorari* to the Cumberland Common Pleas.

For the plaintiff, *John G. Mitchell*.

For the defendant, *Louis H. Miller*.

The opinion of the court was delivered by

PITNEY, J. This writ of *certiorari* brings up a judgment of the Court of Common Pleas rendered on appeal from the

Court for the Trial of Small Causes. In both courts the plaintiff had judgment. The essential facts, as certified to us by the Court of Common Pleas, are as follows: The defendant, being sheriff of Cumberland county, had in his hands a writ of *fieri facias* against one Aaron Seitzick, under which he proposed to levy upon the contents of a certain store, the property of one Harris Seitzick, who was then absent from the state; incidentally, the sheriff proposed to close the store and stop the business thereof. Aaron Seitzick, the defendant in execution, was the agent of Harris Seitzick, and in that capacity applied to the plaintiff for assistance; the plaintiff asked the defendant to delay closing the store and actually levying upon the goods therein contained until the return of the owner, so that a levy might then be made and a trial and determination had of the title to the property; and plaintiff proposing that he would indemnify the sheriff against loss by depositing with him the amount due upon the execution, which was the sum of $153.31. The defendant accepted this sum and gave a receipt to the plaintiff setting forth that he had received the money in payment of the execution. The receipt also contained the words, "paid under protest." The Court of Common Pleas found as a fact that this receipt did not express the true object of the payment or the true agreement under which the payment was made; that it was in fact a deposit by the plaintiff to indemnify the defendant against any loss that might accrue to him by reason of the delay in making a levy upon and actual seizure of the goods claimed to belong to Harris Seitzick, and his failure to close the store, and that the money was not paid in satisfaction of the execution. The court further found that the defendant received the money upon the express agreement that upon the return of Harris Seitzick from New York the defendant would make an actual levy upon the goods under the execution, and thereby enable Harris Seitzick to try the right and title to the property. The defendant returned the execution as satisfied and paid the said sum of money to the attorney of the plaintiff in execution, first taking a bond of indemnity from the plaintiff in execution. Upon the return of Harris Seit-

zick he requested the defendant to levy upon the property and take it into his possession, so that there might be a trial of title; this request the defendant refused, and he likewise refused to return the money.

The case has been argued in this court on the theory that the Court of Common Pleas erroneously accepted oral testimony to vary or contradict the supposed contract contained in the receipt, referring to so much of the receipt as specified that the money was "in payment of execution," &c. But it does not appear from the record that any verbal evidence was received for this purpose; therefore the question of the admissibility of such evidence is not raised.

The other principles of law which it is said the Court of Common Pleas erroneously refused to apply were properly characterized in that court as blended propositions of law and fact, and not properly applicable to the case.

Upon the facts found by the trial court the plaintiff was entitled to judgment.

This judgment will be affirmed, with costs.