LEOPOLD D. SCHWARZ, PROSECUTOR, v. THE MAYOR. RECORDER, ALDERMEN AND COMMON COUNCILMEN OF DOVER, AND WILLIAM L. R. LYND, GEORGE SINGLETON AND HENRY W. CRABBE, EXCISE COMMISSIONERS.

Argued November 4, 1903—Decided February 23, 1904.

1. The grounds of the decision heretofore announced in this cause (*Schwarz* v. *Dover*, 39 *Vroom* 576) are overruled by the decision of the Court of Errors and Appeals in *Ross* v. *Freeholders of Essex*, 40 *Id.* 291.

2. "An act to establish an excise department in incorporated towns and cities of this state," approved March 21st, 1901 (*Pamph. L., p.* 239), is not unconstitutional in authorizing the common council

to call upon a court to appoint an excise board for the municipality; neither does the excise board so appointed derive its powers by delegation from the council.

3. An act establishing an excise department in all towns and cities except cities of the first class is general and not special within the meaning of the constitution.

4. So far as a writ of *certiorari* issued for the purpose of reviewing a municipal ordinance is a proceeding *in rem*, the governmental authorities of the town, being custodians of the record, are the only necessary parties. But where the interests of others are involved in the determination of the question, it is proper that they should be heard.

On *certiorari.*

Before Justices FORT and PITNEY.

For the prosecutor, *George T. Werts.*

For the Mayor, &c., of Dover, *James H. Neighbour.*

For the Excise Commissioners, *Pilney & Hardin.*

The opinion of the court was delivered by

PITNEY, J. This writ of *certiorari* brings under review an ordinance, adopted by the common council of Dover May 13th, 1901, for establishing a board of excise commissioners in that town, under the authority of the act of March 21st, 1901, entitled "An act to establish an excise department in incorporated towns and cities of this state." *Pamph. L.* 1901, *p.* 239. The writ was allowed in April, 1902, and was directed to the mayor, recorder, aldermen and common councilmen of Dover. The cause was first brought on for argument without joining as parties, or giving notice to, the excise commissioners theretofore appointed pursuant to the statute and ordinance. The omission of parties was not at that time brought to the attention of the court. In a decision rendered at the November Term, 1902 (*Schwarz v. Dover*, 39 *Vroom* 576), the ordinance was declared void by reason of the unconstitutionality of the act of 1901. No order or judgment,

however, was entered pursuant to that decision, and in June last a petition was filed by the excise commissioners, setting forth that they were appointed pursuant to the authority of the above-mentioned statute and ordinance prior to the allowance of the writ of *certiorari,* and that they had had no opportunity to be heard in this court. Thereupon the court ordered that they be made parties and that the cause be reargued. This has been done.

Since the former decision herein the grounds upon which it proceeded have been expressly overruled by the Court of Errors and Appeals. *Ross v. Board of Chosen Freeholders of Essex County,* 40 *Vroom* 291. So far therefore as the ordinance under review is attacked upon the ground that the act of 1901 contravenes the constitution in conferring the power of appointing excise commissioners upon the judiciary, this court is, of course, now controlled by the Ross case.

Upon the re-argument, however, it was insisted that the act is unconstitutional, because, as claimed, it authorizes the common council of the municipality to delegate to the judiciary a part of the powers that by the legislature had been delegated to the council. For this reason it is insisted that the decision in Ross v. Freeholders of Essex does not cover the present case, since the act there in question, by its own force and effect, imposed the duty of appointing the commissioners directly upon the court. The distinction does not seem to us important. The statute now in question does not contravene the maxim *delegatus non potest delegare,* for the transferee of the power is designated by the legislature itself. The only authority that is conferred upon the common council is to determine in its discretion whether an excise board ought to be established. The statute, so far from authorizing the council to delegate a part of its power, authorizes it to surrender a portion of its authority. Upon such surrender taking effect, the jurisdiction of the council over license matters is at an end so long as the ordinance continues; and by the terms of section 10 of the act the ordinance is not repealable until after the lapse of five years. The act of 1901 in effect

authorizes council to abdicate its control over excise matters to the end that a similar power may be exercised by an excise board. Thereupon the power of the court to appoint the board, and the powers and jurisdiction of the board when appointed, are derived solely from the act and not by delegation from the council.

In *Riley* v. *Trenton,* 22 *Vroom* 498, this court had to deal with an act to establish an excise department in cities (*Pamph. L.* 1884, *p.* 133; *Pamph. L.* 1886, *p.* 397), which authorized the common council to provide for the establishment of a board of excise commissioners, to be elected by the people, the said board to have the sole power to establish ordinances and by-laws to license and regulate the liquor traffic, &c. It was held that the statute in question did not authorize the creation of boards that should become transferees of powers previously possessed by the municipality, but only authorized the municipality to create a board that, when created, would have original powers. This case was followed in *Davis* v. *Cherry,* 24 *Vroom* 173.

The statute under consideration, in one aspect, resembles the act for the protection of railroad grade-crossings (*Pamph. L.* 1898, *p.* 110), which authorizes the governing body of any municipality, when in their opinion it is necessary for the protection of the public that gates should be erected across any highway where crossed by a railroad at grade, to apply, by petition, to the Court of Chancery for an order in the premises. The constitutionality of this act has been sustained. *Palmyra* v. *Pennsylvania Railroad Co.,* 17 *Dick. Ch. Rep.* 601; 18 *Id.* 799; *Eckert* v. *Perth Amboy, &c., Railroad Co.* (Court of Errors, November Term, 1903, not yet published). In the latter case Mr. Justice Fort, in his opinion, expressly upholds that feature of the act under review which authorizes the municipal body, deeming protection necessary at a grade-crossing, to invoke the aid of the court.

In *Roofing Co.* v. *Leather Co.,* 38 *Vroom* 566, 569, the Court of Errors and Appeals considered the question of the constitutionality of those provisions of the revised "Act rela-

tive to the supreme and circuit courts" (*Pamph. L.* 1900, p. 349, §§ 37, 38) that empower a judge of the Court of Common Pleas to hold the Circuit Courts in any county when thereunto requested by the justice of the Supreme Court within whose district the Circuit Court shall be. Mr. Justice Dixon, speaking for the court, said in substance that while the right to determine whether the justice of the Supreme Court or the judge of the Common Pleas should hold the Circuit Court on any stated occasion was conferred upon the former official, his determination to designate the Common Pleas judge was not the source of the judicial authority of the latter, that authority being derived from the statute.

Nor are we prepared to say that any constitutional limitation prohibits the legislature from authorizing the governing body of a municipality to delegate its powers or any of them. Even the principle that delegated power may not be delegated is not violated by such delegation where expressly authorized. *Broom Max.* *666.

In *Allison* v. *Corker*, 38 *Vroom* 596, 604, an act was sustained as constitutional which delegated to township committees the function of dividing the township into districts for certain legislative purposes of local concern.

The act of 1901, now under review, is further assailed as being special legislation regulating the internal affairs of municipalities, on the ground that it excepts from its operation cities of the first class. On the day after its approval an act was approved to establish an excise department in cities of the first class. *Pamph. L.* 1901, p. 408. By these two statutes the legislature provided for all classes of towns and cities. It has been settled by decision of the Court of Errors and Appeals, upon consideration of the act just mentioned, that an excise law which applies only to cities of the first class is general and not special within the meaning of the constitution. *McArdle* v. *Jersey City*, 37 *Vroom* 590. It follows, of course, that an act which applies to all towns and cities except cities of the first class is likewise general.

Counsel for the prosecutor further insists that the excise commissioners had no right to be heard on the re-argument, and that their application for admission as parties had for its object a decision upon the question of their right or title to office as commissioners. The propriety of admitting the commissioners and of ordering a re-argument was passed upon without reservation at the time the orders to that effect were made. Supposing either question to be now open, however, the ground taken by the prosecutor is untenable. If the present proceeding had for its object the determination of the title of the excise commissioners to their office, this is sufficient reason for dismissing the writ of *certiorari,* had the defendants so moved, but furnishes no ground for refusing to hear the commissioners upon the questions involved. *Haines* v. *Freeholders of Camden,* 18 *Vroom* 454; *Simon* v. *Mayor, &c., of Hoboken,* 23 *Id.* 367; *Roberson* v. *Bayonne,* 29 *Id.* 325; *Bilderback* v. *Freeholders of Salem,* 34 *Id.* 55; *Miller* v. *Washington,* 38 *Id.* 167.

The propriety of admitting and hearing the excise commissioners is obvious. They are public officials and represent the public interest so far as it is concerned in upholding their authority and jurisdiction. The mayor and common council of Dover are not officially interested in sustaining the validity of the ordinance. As already mentioned, the act under which the ordinance was passed (*Pamph. L.* 1901, *p.* 242, § 10) places the excise question beyond the control of council until at least five years have elapsed after the passage of the ordinance. Within that period council has not even power to repeal the ordinance. The governmental authorities of the town were named in the writ of *certiorari* because they were custodians of the record. To the extent that the attack upon the ordinance is a proceeding *in rem,* they are the only necessary parties. *Siedler* v. *Chosen Freeholders,* 10 *Vroom* 632, 639. At the same time, where the interests of others are involved in the determination of the question, it is proper that they should be heard. *Kirkpatrick* v. *Commissioners,* 13 *Id.* 510; *Hutchinson* v. *Rowan,* 28 *Id.* 530, 532.

The ordinance under review will be affirmed, with costs.