THEODORE COHN, HENRY C. PRICE AND THOMAS MEACHEM, PROSECUTORS, v. THE COMMON COUNCIL OF THE CITY OF NEW BRUNSWICK.

Submitted July 7, 1905—Decided November 22, 1905.

The common council of the city of New Brunswick is authorized to remove from office members of the board of water commissioners who fail to comply with the requirements of "An act regulating the receipt and disbursement of money and the passage of ordinances pertaining thereto in any city of this state." *Pamph. L.* 1904, *p.* 259.

On *certiorari.*

Before Justices GARRISON and GARRETSON.

For the prosecutors, *Robert Adrain.*

For the respondent, *Theodore B. Booraem.*

The opinion of the court was delivered by

GARRETSON, J.   The prosecutors, Theodore Cohn, Henry C. Price and Thomas Meachem, were removed from their office as water commissioners of New Brunswick by the common council of that city after a hearing upon charges preferred against them. The charges were preferred by the finance committee of the common council, February 24th, 1905. The committee to investigate the charges met for that purpose March 10th, 1905. The investigating committee reported to the common council on March 15th, 1905, and on that day the report of the committee recommending the removal of the prosecutors was adopted and the prosecutors were removed from their office as water commissioners.

The charges were—*first,* that the water commissioners since the 4th day of July, 1904, and to the 1st day of January, 1905, have failed to comply with the provisions of an act of the legislature of the State of New Jersey, approved

March 28th, 1904, entitled "An act regulating the receipt and disbursement of money and the passage of ordinances pertaining thereto in any city of this state," in this particular, viz.: That the said water commissioners as a municipal board and department established in the city of New Brunswick have failed and neglected to pay all moneys received by them from any source to the treasurer of said city, the person charged with the custody of the funds of said city; *second,* that the said water commissioners have failed and neglected to hold the regular monthly meetings as required by law; *third,* that the said commissioners have unlawfully permitted the estate of John Collier to establish and maintain a nuisance in the shape of a privy on the banks of Lawrence brook, about two hundred feet up stream from the intake to the city pump established on said brook, thereby contaminating the water-supply of the said city of New Brunswick.

The board of water commissioners of New Brunswick exists by virtue of a further supplement to the act entitled "An act to revise and amend the charter of the city of New Brunswick," approved March 18th, 1863, which supplement was approved March 27th, 1873. *Pamph. L., p.* 450. This act authorizes the purchase of the stock and property of the New Brunswick Water Company and for the establishment of a board of water commissioners for the management thereof. This board is made a body corporate liable to sue and be sued; by section 15 of the act the common council of the city was authorized to appoint a board to consist of such number of inhabitants of the city as they might think best, who were to determine at the first meeting by lot the terms during which they should hold office, one-third for one year, one-third for two years and one-third for three years.

Section 16 provides for the appointment by the common council in each year of one-third of the commissioners who should hold office for three years from the date of the expiration of office of one-third and for filling vacancies. This section contained a proviso "that any or all of said commissioners may at any time be removed from office and others appointed in their place by the said common council for good

and sufficient cause, shown upon examination and inquiry by a committee of said common council at which said commissioner or commissioners shall have due opportunity to be present and make defence."

It seems that the first board of water commissioners consisted of six members and that the terms of two expired each year. That the four against whom the charges above mentioned were presented were all who held over on January 2d, 1905.

They were the three prosecutors and Charles M. McCormick.

McCormick was not tried because he was sick and absent at the time of the trial of the prosecutors.

Under the language of the act the board was a continuous corporate body and the members thereof in office might be removed by the common council for any unlawful act committed by them while holding office without reference to any changes in the personnel of the board.

The first charge is based upon the failure of the board of water commissioners to comply with the provisions of "An act regulating the receipt and disbursement of money and the passage of ordinances pertaining thereto in any city of this state," approved March 28th, 1904. This act went into effect July 4th, 1904. *Pamph. L., p.* 259.

It provides in the first section, "All moneys received from any source by municipal boards or departments established in cities in this state shall be paid by such boards or departments to the treasurer or other person charged with the custody of the funds of such city;" in other sections the mode of disbursing moneys for the uses of the different departments is outlined; payments are to be made by warrant on the treasurer of the city to be signed by certain officers designated or to be designated by ordinance; bills must be approved by the mayor, and if he disapproves there are provisions for passing them over his veto.

This provides a radical change in the system of disposing of the funds and the payment of claims of many depart-

ments and boards in the various city governments of the state.

It is a general act applicable to all cities and all the provisions come within the title.

It appears from the testimony taken before the committee of the common council that the board proceeded as to the receipt and disbursement of moneys after July 4th, 1904, in the same manner as they had proceeded before that time. They had a treasurer, they kept a bank account, bills were presented to them and ordered paid and paid by the treasurer out of the funds to the board's credit in the bank and what was left was turned over to the city treasurer. After the 4th of July, 1904, this method was illegal. The prosecutors allege that they did not know of the passage of that law and that in ordering bills paid out of funds which were held by them they acted in ignorance of the law.

But their ignorance the law will not excuse. They were guilty of a violation of positive law, and that being proved to the satisfaction of the council was sufficient ground to justify their removal from office.

For this reason the action of the common council is affirmed, with costs.