LEON D. HIRSCH, PROSECUTOR, v. WILLIAM F. BURK
ET AL.

Submitted March 21, 1912—Decided July 10, 1912.

The language of the so-called Commission Government act (*Pamph.
L.* 1911, *p.* 462) is broad enough and sufficiently clear to include
a department of the city of Trenton created by special act (*Pamph.
L.* 1859, *p.* 38), which acted as a governing body having functions
for the administration of affairs of the municipal water works,
and this department and the water commissioners were abolished
as soon as the commissioners for the government of the city of
Trenton organized.

On *certiorari*.

Before Justices BERGEN, VOORHEES and KALISCH.

For the prosecutor, *McCarter & English.*

For the defendants, *Charles E. Bird.*

The opinion of the court was delivered by

VOORHEES, J.     The prosecutor in this case was appointed
assistant secretary-treasurer of the Trenton Water Works by
the board of water commissioners, created by an act of the
legislature approved March 1st, 1859. *Pamph. L., p.* 38. ,

The fact that he was an appointee of the water commis-
sioners created by this act, differentiates his case, he con-
tends, from *Ziegler* v. *Burk, post p.* 207, which otherwise is
controlling.

This act empowers the water commissioners to sue and be
sued, prosecute and defend actions in the name of the Water
Commissioners of the City of Trenton, and enacts that they
shall be considered from the time of the organization of the
board a body corporate.

The first commissioners were appointed by the act, and
thereafter it was provided that the common council should
annually elect two commissioners for three years.

It is argued that the prosecutor occupies a different position from Ziegler, because the board of commissioners of the city of Trenton have no jurisdiction whatever over him. It is also urged that the so-called Commission Government act (*Pamph. L.* 1911, *p.* 462) did not abrogate the separate organization or department known as the water department.

The special act provided that "The water works shall be conducted and managed exclusively by and through a board of commissioners," to possess all the authority and powers theretofore exercised and performed by the directors of the private water company, formerly owning the works which said special act provided might be acquired by the city.

These water works were essentially matters of local and municipal concern, and the board organized for the purpose of controlling them is not a state agency, but is in substance a municipal board, and its members are city officers.

Such municipal board is a representative and agent of the city, and is not an independent corporation, although it may be authorized by statute to sue and have a common seal and to contract with reference to the works in its own name. *Morton* v. *Power,* 33 *Minn.* 521.

The opinion in *Board of Water Commissioners* v. *People,* 137 *Ill.* 660, reads as follows:

"The mere fact that the legislature saw fit for purposes of convenience and of administration to give it (the board of water commissioners) a corporate existence and invest it with certain corporate powers, did not prevent it from being simply a branch or an agency, created for a special purpose of municipal government."

See also *Brenan* v. *People,* 176 *Ill.* 620, in which the foregoing case is cited.

Although they were in a sense a body corporate, yet they were amenable to general acts of the legislature concerning municipal boards or departments. A case very similar to the one under consideration is *Cohn* v. *New Brunswick,* 44 *Vroom* 128. The water commissioners in that city were a body corporate with power to sue and be sued, yet they were

held amenable to "An act regulating the receipt and disbursement of money and the passage of ordinances pertaining thereto, in any city of this state." *Pamph. L.* 1904, *p.* 259.

The creation of such departments is a legislative function and not a municipal function, unless specially delegated to the municipality, and it follows that such departments may also be abolished by the power which created them. Did the so-called Commission Government act effect the abolition of the water commissioners in the city of Trenton?

The language of the act is: "Upon the organization of the commissioners in any such city, elected under this act, the city council, or other governing body or bodies, theretofore acting as governing body or bodies in such city, *and having any other functions,* shall be *ipso facto* abolished."

We think this language is broad enough and sufficiently clear to include a department of the city such as that created by the special act above cited, which acted as a governing body having the functions for the administration of the affairs of the municipal water works, and hence that this department and the water commissioners were abolished as soon as the commissioners for the government of the city of Trenton organized.

The resolution, therefore, dispensing with the services of the prosecutor is placed upon the same basis as the resolution in *Ziegler* v. *Burk, supra.*

The resolution in question will therefore be affirmed, with costs.