THE TRUSTEES OF THE FREE PUBLIC LIBRARY OF NEWARK, APPELLANT, v. THE CIVIL SERVICE COMMISSION OF NEW JERSEY, RESPONDENT.

Submitted March 24, 1913—Decided March 16, 1914.

The employes of the trustees of the free public library of Newark are subject to the provisions of the Civil Service act.

On appeal from the Supreme Court, whose opinion is reported in 54 *Vroom* 196.

308    COURT OF ERRORS AND APPEALS.

Newark Library Trustees v. Civil Serv. Com.    *86 N. J. L.*

For the appellant, *Pitney, Hardin & Skinner.*

For the defendant, *Edmund Wilson,* attorney-general.

The opinion of the court was delivered by

MINTURN, J.    The only question presented upon this appeal is whether the civil service commission was warranted in classifying the appointees of the free public library of the city of Newark, within the provisions of the Civil Service act; the contention of the appellants being that they hold neither offices nor positions in the paid service of the state, or of the city of Newark; while the insistence of the civil service commission is that the free public library of the city of Newark is but an agency of the state, created for a specified work, to which are delegated specific powers to enable it to perform the delegated work.

We find it unnecessary in view of the completeness of the recital of the facts, and the legislation bearing upon this question, contained in the opinion of Mr. Justice Voorhees, in this case, in the Supreme Court (83 *N. J. L.* 196), to rehearse the facts and legislation in detail.

We are not called upon in affirming this judgment to accede entirely to the reasoning contained in the Supreme Court opinion.    When the case *sub judice* was before that court, the case of Sullivan *v.* McOsker was under consideration by this court; and the question there presented was whether the warden of the Hudson county jail, who with other subordinate officials had always been selected by the incoming sheriff, as substantially his personal attachees, but whose salaries had been paid by the county, was protected from removal by the provisions of the Civil Service act; and this court held in effect that the character or method of selection did not supply the test, as to the application of the provisions of the act; the essential inquiry being whether the incumbent was in the paid service of the county. *Sullivan v. McOsker,* 84 *N. J. L.* 380.    While not entirely analogous in its facts, this case calls for the application of the

principle which was dispositive of that case, and upon the theory of *stare decisis* we are compelled to so determine it.

In the case at bar we may concede the independent corporate character of the free public library, for which the appellant contends, but the essential fact remains that its employes are in the paid service of the municipality, which has accepted the provisions of the Civil Service act, and the conclusion logically follows, in view of our former adjudication, that the appellant's employes are subject to the provisions of the Civil Service act.

The judgment of the Supreme Court will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, BOGERT, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER, JJ. 11.

*For reversal*—None.