See also 137 N.J.L. 354, 60 A.2d 77.
The question for decision is whether or not the Trustees of the Free Public Library of the City of Newark, hereinafter referred to as the Trustees, are bound by the provisions of R.S. 40:50-1 and therefore required before contracting for any work or furnishing of materials, supplies or labor for a sum exceeding $1,000. to advertise publicly for bids and award the contract to the lowest responsible bidder. The facts before us by stipulation disclose that the Trustees publicly advertised for bids for binding and rebinding of books for the library for the year 1948. One of the conditions of the proposal was that the bids were subject to an ordinance of the City of Newark providing "that all contracts hereafter made by or on behalf of the City of Newark or any of its departments or subdivisions * * * shall contain a provision that the laborers * * * engaged in said work * * * shall not work more than eight hours in any one day * * * and * * * shall be paid the prevailing rate of wages for the type of work to be done in the territory in which it is or is to be performed." Plaintiff submitted a bid of $23,112.95. Wm. H. Rademaekers Son Co. submitted a bid of $23,811.25. Both bidders complied in all respects with the requirements of the advertisement, specifications and instructions to bidders. Subsequently the Trustees awarded the contract to Rademaekers 
Son Co. No reason was given for the rejection of the lower bid and no hearing was held as to plaintiff's qualifications or responsibility, indeed their experience and qualifications are conceded. The place of business of plaintiffs is in Brooklyn, New York and the work of binding was to be done there and the books delivered to the library in Newark.
After the award of the contract to its competitor, plaintiffs promptly applied for and were allowed a writ of certiorari.
It is conceded that the free public library is governed byR.S. 40:54-1 et seq. After providing for a referendum and assuming *Page 311 
favorable action by the voters, the statute requires a municipality to annually appropriate and raise by taxation a sum equal to one-third of a mill on every dollar of assessable property within the municipality. By L. 1944, c. 49, R.S.
40:54-8 was amended to read: "Such additional sum, as in the judgment of such body or board is necessary for the proper maintenance of a free public library, may be appropriated and raised by taxation, annually." A board of trustees shall be appointed, consisting of the mayor, the head of the municipal school system and five citizens appointed by the mayor. The board is constituted a body corporate with the right of corporate succession and the right to sue and be sued. The trustees are empowered to manage the property and hold it as trustees. They may rent rooms, construct buildings, purchase reading matter, hire librarians and necessary servants, fix their compensation, make proper rules and regulations for the government of the library and generally do all things necessary and proper to establish and maintain a library. The treasurer of the board of trustees is bonded to the municipality in an amount fixed by the mayor and empowered to receive from the disbursing officer of the municipality monies raised for library purposes. The trustees must report annually to the municipality and they are empowered to purchase lands for library purposes, providing they first secure the mayor's approval and they are also given the right to acquire lands by condemnation.
On behalf of the defendants it is said that the powers conferred upon the trustees by R.S. 40:54-1 et seq. manifest a legislative intent to confer upon the trustees the power to contract, free from the requirements of advertising for and awarding the contract to the lowest responsible bidder. Our reading of the act relating to free public libraries leads us to a different conclusion. The fact that the library is maintained by funds derived from taxation, the presence of the mayor and the head of the municipal school system on the board and the power given to the former to appoint the remaining members of the board of trustees, the requirement that the mayor fix the amount of the treasurer's bond and approve any prospective purchase of real property, the requirement of an annual report to the municipality *Page 312 
make it in effect a branch or agency of the municipality and therefore within the meaning of the term "municipality" as used in R.S. 40:50-1. In Trustees v. Civil Service Commission,83 N.J.L. 196 (Sup.Ct. 1912) the court had before it the question of whether or not the employees in the Newark library came under the Civil Service Act, and it held that they did. The court said "a review of the foregoing legislation, (free public libraries) to our minds, indicates a public policy to bring into requisition, as an adjunct to it, (public school system) the library, as a means of placing in the hands of its citizens sources and collections of knowledge to aid and add to their education, while the public schools are performing their functions, and after the attendants upon the schools have been graduated therefrom. * * *
"Although the legislature saw fit, for its convenience and for purposes of the administration of this branch of its educational duty, as now constituted under its public policy, to create a corporation, will not prevent such corporation from being considered a mere branch or agency for that special purpose."
In affirming this judgment, 86 N.J.L. 307, the Court of Errors and Appeals said "We are not called upon in affirming this judgment to accede entirely to the reasoning contained in the Supreme Court opinion." However, the language quoted from the opinion of the Court of Errors and Appeals is no more than a reservation by it of the question decided by the Supreme Court, namely, that a free public library board is a branch or board of the municipal government. We take the reservation to mean only that the court either did not consider the question or that if it did consider it, it saw no need to pass upon it.
It remains only to consider the effect of R.S. 34:9-2 which, so far as pertinent reads: "In the construction of any public work for * * * any * * * municipal corporation or any board * * * thereof, whether the same be a building, excavation, sewer, or drainage construction, road building, paving, bridge, or any other form or kind of public work, preference in employment thereon shall be given to citizens of the state of New Jersey * * *". It seems clear that under the doctrine of ejusdem generis
the phrase "or any *Page 313 
other form or kind of public work" is restricted to public work of the kind specifically enumerated earlier in the section.
For the reasons stated, the resolution of the board of trustees adopted March 24, 1948 is set aside.