17 N.J. Super. 260 (1952)
85 A.2d 822
WOODROW S. MONTE, PLAINTIFF,
v.
MICHAEL J. MILAT, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 8, 1952.
*262 Mr. Otmar J. Pellet, attorney for plaintiff.
Mr. Michael J. Milat, pro se (Mr. Samuel J. Davidson, of counsel).
PROCTOR, J.S.C.
The plaintiff seeks to have the defendant ousted from the office of Commissioner of the Housing Authority of the City of Hoboken and to have himself adjudged the legal holder thereof.
The facts disclose that, upon the establishment of the above authority on May 3, 1949, the defendant was appointed commissioner for a two-year term and, on April 17, 1951, he was reappointed by the Board of Commissioners of the City of Hoboken for a term of five years to commence May 3, 1951, pursuant to L. 1950, c. 67, p. 121, § 3 (R.S. 55:14A-4).
An election of a Board of Commissioners of the City of Hoboken, a second-class city, was held on May 8, 1951. After *263 the organization of the new board, defendant's reappointment by the preceding board was rescinded and the plaintiff was appointed in his stead as commissioner of the housing authority for a term of five years commencing June 5, 1951.
Plaintiff contends defendant's appointment on April 17, 1951, effective May 3, 1951, was invalid as it was made within the time prohibited by R.S. 40:73-5, which provides:
"No subordinate board, department, body, office, position or employment shall be created and no appointments made to membership on any subordinate board, department or body, or to any office, employment or position * * * by any board of commissioners or any member thereof in any city of the second class governed by the commission form of government hereunder, between the first Tuesday in May and the third Tuesday in May in any year in which an election of a board of commissioners for that city shall be held."
It is apparent that the effective date of the appointment fell within the prohibited time, and plaintiff's contention is well taken if the office involved is governed by the above statute. Cf. Pashman v. Friedbauer, 4 N.J. Super. 123, 127 (App. Div. 1949). Defendant contends that the office in question is not controlled by this statute in that the housing authority is not a "subordinate board, department or body" in the City of Hoboken.
In order to determine whether there is any merit to defendant's contention it would be well to inquire into the origin of the Local Housing Authorities Law. The United States Housing Act of 1937 (42 U.S.C.A. §§ 1401 et seq.) pledged government funds and credit to assist the states and the subdivisions thereof to remedy unsafe and insanitary housing conditions and to supply decent, safe and sanitary dwellings for families of low income. In order to obtain the benefits of the federal act, the Local Housing Authorities Law, L. 1938, c. 19, p. 65 (R.S. 55:14A-1 et seq.) was enacted, and it was under this law, as amended, that the Housing Authority of the City of Hoboken was established in 1949.
The Local Housing Authorities Law declares that the providing of safe and sanitary dwelling accommodations for *264 persons of low income is a governmental function of state concern. R.S. 55:14A-2. Capital funds for the construction of such accommodations are obtained by each authority from the issuance of bonds payable solely out of the funds or property of the authority. R.S. 55:14A-12. Property of the housing authority is exempt from all taxes and special assessments of the State or any political subdivision thereof. R.S. 55:14A-20. Each housing authority is a public body corporate and politic and has the power to sue and be sued, to have perpetual succession, to make contracts and other instruments, to make by-laws, rules and regulations (R.S. 55:14A-7); to exercise the right of eminent domain (R.S. 55:14A-10); to agree to make payments in lieu of taxes to the municipality or county, the State or any political subdivision thereof (R.S. 55:14A-20; R.S. 55:14A-27). The authority consists of six commissioners, five of whom are appointed by the governing body of the municipality, the sixth by the Director of the Public Housing and Development Authority of the State Department of Conservation and Economic Development. R.S. 55:14A-4. Not more than one of these commissioners may be an officer or employee of the municipality. R.S. 55:14A-6.
Because the Local Housing Authorities Law declares (R.S. 55:14A-4), "* * * Such authority shall constitute an agency and instrumentality of the municipality or county creating it. * * *," plaintiff argues that this conclusively establishes that the Housing Authority of the City of Hoboken is a subordinate board, department, body, office, position or employment within the provisions of R.S. 40:73-5, supra. In support of this argument he cites Stark v. Fell, 124 N.J.L. 475 (Sup. Ct. 1940); Hirsch v. Burk, 83 N.J.L. 146 (Sup. Ct. 1912) and Trustees of the Free Public Library of Newark v. Civil Service Commission, 83 N.J.L. 196 (Sup. Ct. 1912).
The term agency, as applied to the law of contracts, has a definite meaning but it is a broad term, often applied to relationships which do not in law amount to an agency. For *265 example, a dealer in automobiles is often referred to as an "agency" of the manufacturer. Cf. Westerdale v. Kaiser-Frazer Corp., 6 N.J. 571 (1951). The fact that a housing authority can be created only by and with the consent of the governing body of a municipality and that the power of appointment and removal of its members is lodged with the municipality is indicative of the close relationship between the authority and the city, the latter naturally being interested in the result to be accomplished. But all that is entrusted to the municipality is the creation of the authority, not the delegation of its powers. The powers of the authority are derived, not from the municipality, but from the State, and the governing body of the municipality in deciding upon the desirability of creating an authority and in exercising the power of appointment and removal of its members is acting merely as a statutory agent. See Riley v. Trenton, 51 N.J.L. 498 (Sup. Ct. 1889); Schwarz v. Dover, 70 N.J.L. 502, 505 (Sup. Ct. 1904).
The Legislature, in granting each authority the power "to make and from time to time amend and repeal by-laws, rules and regulations, not inconsistent with this chapter," in limiting the municipality's representation on the authority to not more than one officer or employee, in granting the authority the right to contract with the municipality to make payments in lieu of taxes, manifested an intention to maintain housing authorities as separate corporate entities. A complete consideration of the powers granted to housing authorities indicates that the Legislature used this phrase, "agency and instrumentality of the municipality," not because of an intention to make the housing authority a subordinate branch of the governing body of the municipality, but in order to express in forceful language its justification for granting to these authorities governmental powers, such as condemnation, and governmental privileges, such as tax exemption. It would be giving these words, "agency and instrumentality," an entirely disproportionate importance to hold that, standing alone as they do, they are sufficient to make *266 housing authorities municipal agents. It is an established rule in the exposition of statutes that the intention of the Legislature is to be derived from a view of the whole and of every part of the statute, taken and compared together, and the real intention, when ascertained, prevails. Pine v. Okzewski, 112 N.J.L. 429, 433 (E. & A. 1934).
The cases of Stark v. Fell, supra, and Hirsch v. Burk, supra, are not analogous to the instant case, since those cases involved the construction of statutes providing that upon the change of form of municipal government all public bodies in the municipality, whether coordinate or subordinate, were ipso facto abolished, and their powers were consolidated in the newly adopted form of government. Trustees of the Free Public Library of Newark v. Civil Service Commission, supra, also cited by plaintiff, was affirmed by the Court of Errors and Appeals (86 N.J.L. 307 (1914)) on the sole ground that the employees of the free public library were agents of the municipality, since they were in the paid service of the municipality, and were subject to the provisions of the Civil Service Act. It has no application to the present case. Moreover, a free public library, unlike a housing authority, is supported by funds raised by local taxation, and the money is appropriated annually by the local governing body. R.S. 40:54-8, as amended L. 1944, c. 49, p. 107, § 1.
Assuming that, as plaintiff contends, the Housing Authority of the City of Hoboken is a subordinate agent of the governing body of that municipality, is defendant's appointment, effective May 3, 1951, rendered invalid by the interdiction of R.S. 40:73-5, supra? The City of Hoboken adopted the commission form of government in 1915. The statute restricting appointments in certain cities, R.S. 40:73-5, supra, enacted in 1931, is a general law applying to all officers and employees of Hoboken and its subordinate departments. The Local Housing Authorities Law, supra, passed in 1938, is a special law in respect to its provision dealing with the appointment of housing authority commissioners (R.S. 55:14A-4). Under this statute the Housing Authority of *267 the City of Hoboken was established on May 3, 1949, and defendant's term of office as one of its original commissioners ended on May 3, 1951. Does the mere circumstance that the date, on which this office became vacant and on which the appointment of a commissioner fell due under R.S. 55:14A-4, came within the prohibited period under R.S. 40:73-5 thereby render his reappointment invalid? I think not. Where there is a conflict between a provision of a general statute and a provision of a later statute, relating to the same subject matter in a more minute and definite way, the latter will prevail over the former and will be considered an exception to the general statute. Goff v. Hunt, 6 N.J. 600, 607 (1951); Ackley v. Norcross, 122 N.J.L. 569, 572 (Sup. Ct. 1939), affirmed 124 N.J.L. 133 (E. & A. 1940).
For the foregoing reasons, plaintiff's contention that the Housing Authority of the City of Hoboken is a subordinate board, department, body, office, position or employment within the meaning of R.S. 40:73-5 is without merit.
Defendant contends that, in any event, the appointment of the plaintiff for a term of five years commencing June 5, 1951, is invalid. L. 1950, c. 67, p. 121, § 3 (R.S. 55:14A-4) provides:
"* * * These commissioners first appointed by the governing body shall be designated to serve for terms of one, two, three, four and five years, respectively, from the date of their appointment, but thereafter commissioners so appointed shall hold office for a term of five years, except that all vacancies shall be filled for the unexpired term. * * *"
He argues that ab initio the organization of the authority was so established that the various terms of office expired in rotation on May 3 and the plaintiff's appointment should have been for the unexpired term. In answer to this argument, plaintiff cites another provision (R.S. 55:14A-6) of the same act, "* * * All commissioners shall hold office until their successors have been appointed and have qualified. * * *," and maintains that the defendant occupied the office and performed the duties thereof as a holdover *268 and, therefore, there was no vacancy at the time of plaintiff's appointment. It is true there was no vacancy or hiatus in incumbent's tenure of office, but there was a vacancy in the office. There is no incongruity in the fact of a vacancy for the purposes of a new appointment, and the actual holding over by the former incumbent; nor is there any necessary incongruity in the running of the new term while the former incumbent is discharging the duties of the office. Haight v. Love, 39 N.J.L. 476, 479 (E. & A. 1877). What the statute means by vacancy is a case where there is no documentary title to the office. Abrams v. Smith, 98 N.J.L. 319, 321 (Sup. Ct. 1923). Since the term of an office is distinct from the tenure of an officer, "the term of office" is not affected by the holding over of an incumbent beyond the expiration of the term for which he was appointed; and a holding over does not change the length of the term, but merely shortens the term of his successor. 67 C.J.S. 206, § 48(c). Where the clear intent of the Legislature is that the entire board should not go out of office at once, but that the various members should retire at regularly recurring intervals, the term of office of one appointed to fill a vacancy on a board of several officers is for the unexpired term only. Note, 50 L.R.A. (N.S.) 345. Such orderly rotation, in order to create a continuing body, could not be carried out if the commissioner appointed to fill a vacancy were to hold a full term of five years from the time of his appointment, regardless of the date of such appointment.
Since plaintiff's appointment was for a term beyond the term of office of commissioner, it was invalid. Salter v. Burk, 83 N.J.L. 152, 157 (Sup. Ct. 1912). Plaintiff must prove his right to the office and the validity of his own title thereto. The weakness or invalidity of the title of the incumbent does not supply any strength to the plaintiff's cause of action. Burke v. Kenny, 9 N.J. Super. 160, 163 (App. Div. 1950).
The defendant is entitled to judgment.