## Commonwealth v. Volpe

*John J. Byrne*, for relator.

*James W. McNulty*, for respondent.

KOSIK, J., April 14, 1975.—This matter is before the court on the complaint of Harry B. Strickland who was appointed a member of the board of Redevelopment Authority of the City of Scranton, a body corporate and politic, created pursuant to ordinance under the authority of the Urban Redevelopment Law of May 24, 1945, P.L. 991, and amendments thereto, 35 PS

§§1701, et seq. Strickland was appinted on July 30, 1970, by the Mayor of the City of Scranton to fill a vacancy on the board allegedly created upon the expiration of the term of Edward J. Muller on December 31, 1969. Muller continued to serve until July 30, 1970. Strickland took his oath on August 3, 1970.

Strickland contends that his appointment commenced on July 30, 1970, and continued for a term of five years from that date, and thereafter until his successor was lawfully appointed.

On February 4, 1975, the mayor appointed defendant, Charles Volpe, to succeed Strickland as a member of the board.

Strickland complains that his term had not expired; that Volpe has assumed to act as a member of the board unlawfully, and to the prejudice of the Commonwealth and the City of Scranton.

Although Muller was appointed on March 2, 1965, for a term expiring on December 31, 1969, and Strickland was appointed on July 30, 1970, to fill a vacancy created by the expiration of Muller's term on December 31, 1969, Volpe claims that regardless of the dates specified, the term of Strickland expired on February 4, 1975. Volpe cites both the history of the authority, and the particular position in issue to support his claim.

The Redevelopment Authority of the City of Scranton was organized, after its creation, on February 4, 1954. On that date, the then Mayor Hanlon appointed five members to the board for staggered terms from one to five years pursuant to the Urban Redevelopment Law, 35 PS §1706, providing as follows:

"The members who are first appointed shall serve for terms on one, two, three, four and five years, respectively, from the date of their appointment as shall be specified at the time of their appointment. Thereafter, the term of office shall be five years. A member

shall hold office until his successor has been appointed. Vacancies for unexpired terms shall be promptly filled by the appointing power."

The history of the particular position in issue here commenced with the appointment of Thomas L. Moran for a one-year term on February 4, 1954. At the expiration of his term, he was reappointed to a five-year term on December 28, 1959. The appointment stated his tenure would run to December 31, 1964. On June 7, 1963, Mayor Schmidt appointed Frank J. Blewitt to serve the unexpired term of Thomas Moran, deceased, which was to expire on December 31, 1964. Frank J. Blewitt continued in office beyond the expiration date, without reappointment, until he resigned on March 2, 1965. Edward J. Muller was appointed on March 2, 1965, with a stated expiration date of December 31, 1969. Muller continued in office beyond the expiration date of December 31, 1969, without reappointment, until July 30, 1970, when Mayor Peters appointed Strickland without providing an expiration date for his term.

We must decide if the legislature intended for an appointee to serve for a term of five years from the date of his appointment, regardless of the date of appointment. Strickland argues that this was the legislative intent when it used the language in section 1706, supra, that "thereafter, the term of office shall be five years." Volpe argues that the sentence was intended to be read in conjunction with the first sentence creating staggered terms of one, two, three, four and five years. Volpe concludes from his view that the pivotal date for computing board terms must be taken as February 4, 1954, the date the five original board members were appointed to serve.

In Watson v. Pennsylvania Turnpike Commission, 386 Pa. 117, 125 A.2d 354 (1956), the court was asked to decide whether the State constitutional provision,

article VI, sec. 4 (now article VI, sec. 7), allowed the Governor, as appointing authority, to remove at his pleasure a member of the Pennsylvania Turnpike Commission during his appointed term of office, or whether the legislature had diminished this right in creating the commission and providing for the appointment of its members for terms which were staggered.

The legislature provided, Act of May 21, 1937, P.L. 774, as amended, 36 PS §652d, that "The commission shall consist of five members, and the Secretary of Highways shall be a member ex officio. The four remaining members shall be appointed by the Governor . . . The appointed members of the commission shall continue in office for terms of four, six, eight and ten years, respectively, from the dates of their appointment and until their respective successors shall be duly appointed and qualified; . . . but their successors shall each be appointed for a term of ten years."

The court held that the constitutional authority referred to applied to constitutional offices only, and that the constitution also empowered the legislature to provide terms for such other public offices as it may create. Pertinent to the issue of legisltive intent in the present case, the court said, on page 124:

"The purpose of the foregoing provision as to the terms of office of the Commissioners (i.e., those first to be appointed and thereafter their successors) is patent. It was designed so that, by the prescribed rotation, the terms of three of the four appointed members of the Commission would always be current. . . . Were the Commissioners to be held removable at the pleasure of the Governor, the carefully expressed scheme of term rotation would be effectually nullified. . . . He could render all of the offices vacant at one time which, obviously, the Act was specifically designed to make impossible."

We believe the Urban Redevelopment Law, supra,

in staggering or rotating the terms of board members intended that the scheme of term rotation should be preserved in this case. Unless adhered to by the appointing authority, the legislative intent could be nullified as it was stated in the Watson case, supra.

We believe the terms of board members must be computed from the original date of board appointments to the authority, to wit, February 4, 1954. Thereafter, all appointments were to be for a term of five years. Confronted with a similar problem in New Jersey, the Superior Court of that State decided in Monte v. Milat, 17 N.J. Super. 260, 85 A.2d 822 (1952), that the term of an office is distinct from the tenure of an officer. " '[T]he term of office' is not affected by the holding over of an incumbent beyond the expiration of the term for which he was appointed . . . a holding over does not change the length of the term, but merely shortens the term of his successor." Citing 67 C.J.S., Officers, §48c, page 202.

The court also stated:

"Where the clear intent of the Legislature is that the entire board should not go out of office at once, but that the various members should retire at regularly recurring intervals, the term of office of one appointed to fill a vacancy on a board of several officers is for the unexpired term only . . . Such orderly rotation, in order to create a continuing body, could not be carried out if the commissioner appointed to fill a vacancy were to hold a full term of five years from the time of his appointment, regardless of the date of such appointment." Id. at page 268, 85 A.2d at page 826.

This very scheme was recognized, and given effect by the Redevelopment Authority board in numerous certifications over the signature of Strickland as secretary. All such certifications referred to in the testimony reflect a date of expiration for all board terms on February 4th, of various years to conform with the

term dates in each case. The expiration date for Harry B. Strickland is stated to be February 4, 1975. And this is so notwithstanding his present claim that his term of five years does not expire until July 30, 1975.

The evidence reflects that, from time to time, various mayors appointed board members by providing expiration dates different from the date of February 4th. This has been done in error. It is obvious that the error was recognized, and corrected by the board itself.

For reasons hereinabove stated, we find that the term of office filled by Harry B. Strickland ended on February 4, 1975. The appointment of Charles Volpe appropriately commenced effective February 4, 1975. To hold otherwise would be to confuse "the term of office" with tenure. To do otherwise would be to encourage the peccadillos of the politically motivated, and thus do disservice to the rotation scheme intended to prevail by legislature.

### ORDER

Now, April 14, 1975, the court decides in favor of defendant, Charles Volpe, and against plaintiff, Harry B. Strickland.