THE STATE, FRANK RILEY, PROSECUTOR, v. THE INHABIT-
ANTS OF THE CITY OF TRENTON.

1. Certain acts which are indictable as offences against the state may
   also be, by the legislature, constituted offences against the police regu-
   lations of municipalities, so as to subject the offender to the mode of
   trial incident to proceedings for the violation of ordinances; if, in
   such cases, the legislature has not made special provision for a trial by
   jury, it cannot be demanded as matter of right.
2. "An act to establish an excise department in cities in this state" (*Rev.
   Sup., pp.* 695, 696) is a grant of original power to a municipal depart-
   ment the creation of which is entrusted to the municipality itself; it
   is not a delegation of power to the municipality to be by it passed over
   to a body of its own creation.

On *certiorari.*

Argued at February Term, 1889, before Justices SCUDDER,
DIXON and GARRISON.

For the prosecutor, *G. D. W. Vroom.*

For the defendant, *W. L. Dayton.*

The opinion of the court was delivered by

GARRISON, J.   The prosecutor was convicted before a
police justice of the city of Trenton of the offence of selling
liquor upon Sunday, in violation of the second section of an
ordinance of the board of excise commissioners of said city.
The proceedings, which were of a summary nature, are now
before us for review upon *certiorari.*

Three reasons are presented by the prosecutor as grounds
for the reversal of the judgment against him.

The first reason is, that he was refused a trial by jury.

A similar contention was made in the case of *Howe* v.
*Plainfield,* 8 *Vroom* 145, and is considered at length by Justice
Dalrimple, delivering the opinion of this court in that case.
The doctrine there established is, that certain acts which are

indictable as offences against the state may also be, by the legislature, constituted offences against the police regulations of municipalities, so as to subject the offender to the mode of trial incident to proceedings for the violation of ordinances, and that in such cases, if the legislature has not made special provision for a trial by jury, it cannot be demanded as a matter of right.

This case, which has been followed by this court without question, must be considered as settling the issue against the contention of the prosecutor's counsel. *Greeley* v. *Passaic,* 13 *Vroom* 87. The present case not being within the exception as to offences indictable at common law. *State* v. *Anderson,* 11 *Vroom* 224.

The second reason is, because the act of 1884, amended in 1886, under which the common councils of cities are empowered to delegate power to excise boards to pass ordinances regulating the sale of liquors, and to punish violations of such ordinances by fine and imprisonment, is a delegation of power which is unconstitutional.

This reason might be dismissed with the criticism that it calls for an adjudication upon an abstract point of law which does not and cannot arise in the case before us. The proposition as formulated is, that it is unconstitutional for the legislature to authorize a municipal body to delegate the police powers which it has received from the legislature to another *quasi* municipal body of its own creation.

But this state of things does not exist. The proposition is framed upon a radical misconception of the purport of the legislative acts under consideration. The statutes in question do not authorize cities possessed of certain police powers to erect excise boards, who, when created, shall, *ipso facto,* become the transferees of the powers previously possessed by the municipality itself; still less does it confer powers of this nature upon the municipality in the first instance, with permission to pass them over to excise boards when created. Nothing of the kind. The supplemental act of 1886 is a grant of original powers to boards of excise commissioners.

Until such boards are created, there is no person in whom the power can vest. The erection of these boards is entrusted to the governing body of the municipality, which creates, but does not delegate. It gives vitality, nothing more. What counsel for the prosecutor has mistaken for a delegation of power is the simultaneous extinguishment of similar powers pre-existent in the municipality upon the vesting of a more comprehensive system of like powers, intended by the legislature to cover the whole territory. This is the result of the application of a familiar principle of statutory construction, not a question of the delegation of powers.

The question of constitutionality is thus narrowed down to the single issue, of the power of the legislature to delegate to municipal departments authority to make police regulations over the liquor traffic—a question now finally set at rest by the recent case in the Court of Errors, *Paul* v. *Gloucester County*, 21 *Vroom* 585.

The remaining reason is, because the act of 1884, under which the excise board in question was created, is unconstitutional, in that its title does not set forth the subject of the act.

The title of the act is, "An act to establish an excise department in cities of this state." By the first section the excise commissioners are empowered to regulate and prohibit traffic in intoxicating drinks, and the contention now made is, that the word "excise," in the title, does not include the notion of the prohibitory feature of the enactment. To this the argument of counsel upon this point was solely addressed. It is not necessary, however, to consider a question of this character, the determination of which would in no wise affect the case in hand.

The excise commissioners of the city of Trenton, acting under this statute, confined themselves to passing by-laws for the regulation of the liquor traffic, not its prohibition; hence, such enactments are clearly within the scope of the title, as interpreted by the prosecutor's counsel. What the results might have been if it had adopted the more extreme measure

authorized by the same act, is a question not before us for decision.

This disposes of the reasons, three in number, presented to us with this writ, none of which affords any legal ground for disturbing the conviction of the prosecutor.

Let the judgment be affirmed.