GROSSMAN ET AL. *v.* CITY OF INDIANAPOLIS ET AL.

[No. 21,455. Filed June 29, 1909. Rehearing denied November 19, 1909.]

1. INJUNCTION.— *Prevention of Multiplicity of Actions.— Void Municipal Ordinances.*—Junk dealers may maintain, collectively, a suit to restrain a city and its officers from enforcing the provisions of a void ordinance purporting to regulate and restrain their business, thus avoiding a multiplicity of actions. p. 162.

2. MUNICIPAL CORPORATIONS.—*Licensing Junk Dealers.—Statutes.*—Under §8655 Burns 1908, Acts 1905, p. 219, §53, subd. 43, authorizing cities to "tax, license and regulate second-hand and junk stores," cities have the power to license junk dealers as well as to place regulations and restrictions upon the business of keeping junk stores. p. 162.

3. MUNICIPAL CORPORATIONS.—*Power to Prescribe Ordinances.— Judicial Review.*—Where the power to license and regulate, was given by statute to municipal corporations, but neither the manner nor the extent thereof was prescribed, the reasonableness of the ordinance provisions therefor, is subject to judicial review. p. 163.

4. MUNICIPAL CORPORATIONS.— *Licensing Junk Dealers.— Forbidding Purchasing from Intoxicated Persons.*—Under §8655 Burns 1908, Acts 1905, p. 219, §53, subd. 43, authorizing cities to license junk dealers, regulate their stores, and to forbid junk dealers from buying from minors, cities may forbid junk dealers from purchasing from intoxicated persons. p. 163.

5. CONSTITUTIONAL LAW.—*Junk Dealers.—Regulation of Business of.—Police Power.*—The business of dealing in junk is not an inalienable, but a permissive, right, and the legislature may authorize cities to place any restrictions thereon, or to prohibit it, the business being subject to the exercise of the police power. p. 164.

6. MUNICIPAL CORPORATIONS.—*Ordinances.—Judicial Review of.*— Courts will hesitate to declare void municipal ordinances enacted to eradicate an evil, where the legislature has granted to municipalities the power to legislate upon the subject. p. 164.

7. MUNICIPAL CORPORATIONS.— *Ordinances.— Junk Dealers.— Purchases.—Description of Vendors.*—Provisions in a city ordinance requiring junk dealers to keep a record of the name, residence, age, color, height, weight, complexion, style of beard, style of dress, and number of license badge of those from whom they purchase junk, together with a record of their purchases and a description of the goods purchased, are not unreasonable or invalid. p. 165.

8. MUNICIPAL CORPORATIONS.—*Ordinances.—Junk Dealers.—Record of Purchases.—Inspection.*—Provisions of a city ordinance requiring junk dealers to keep a record of the prices paid for articles purchased, subject to the inspection of the chief of police, and to furnish daily copies thereof to such chief, are not invalid or unreasonable. p. 165.

9. MUNICIPAL CORPORATIONS.— *Ordinances.— Junk Dealers.—Prohibiting Sales for Two Days.*—Provisions of a city ordinance compelling junk dealers to retain goods purchased for two days before they sell them, are not invalid. p. 166.

10. MUNICIPAL CORPORATIONS.—*Restraint of Trade.—Junk Dealers. —Restriction of Business of.*—A city ordinance licensing and regulating the business of junk dealers, which compels them to keep a record of their purchases, a description of the persons from whom purchased, and to retain their goods two days, all subject to the inspection of the chief of police, is not invalid as an undue restraint of trade. p. 167.

11. APPEAL.—*Briefs.—Waiver.*—Error not discussed may be considered waived. p. 167.

From Marion Circuit Court (16,837) ; *Charles Remster,* Judge.

Suit by Jacob Grossman and others against the City of Indianapolis and others. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*Merrill Moores* and *Henry Warrum,* for appellants.

*F. E. Matson, C. D. Bowen* and *J. D. Peirce,* for appellees.

MONTGOMERY, C. J.—Appellants brought suit to enjoin the enforcement of an ordinance of the city of Indianapolis to license and regulate the business of junk dealers. Appellees' demurrers to the complaint on the ground of insufficient facts were sustained, and, appellants, declining to amend, final judgment was rendered against them, from which they appealed.

Error is assigned upon the sustaining of appellees' demurrers to the complaint.

The ordinance is pleaded in full in the complaint, and its provisions, in substance, are: (1) That it shall be unlawful to engage in the business of a junk dealer in said city without a license. (2) That the application for license shall be of a prescribed form, and be signed by three resident freeholders, certifying to the good moral character of the applicant. (3) That the license fee shall be $50. (4) That only one junk store may be kept under a single license, but the licensee may change location on written notice to the city controller. (5) "Every person, firm or corporation licensed to conduct, maintain or engage in the business of a junk dealer, shall keep a book in which shall be legibly written in ink, at the time of the purchase, taking or receiving of any goods, articles, or things, and preserve an accurate account and description in the English language, of the goods, articles, or things purchased, taken or received; the amount of money paid therefor, the time of purchasing, taking or receiving same; the name, residence, age, color, height, weight, complexion, style of beard, style of dress, and number of license badge of the person or persons selling or delivering said goods, articles or things." (6) That

the licensee shall, on a prescribed form, before noon of each day, make out and deliver to the chief of police a correct and legible copy from the book required by section five to be kept.   (7)   That the dealer's book shall at all times be open to the inspection of the chief of police.   (8)   That it shall be unlawful to purchase or receive goods from an intoxicated person.   (9)   That all goods and articles purchased or received shall be retained by the dealer for not less than forty-eight hours before disposing of the same.   (10)   That the penalty for violations shall be as prescribed, and all conflicting ordinances are repealed.

It is alleged that appellants, and others for whom they sue, are citizens of the United States, of the State of Indiana, and of the city of Indianapolis, and junk dealers in said city; that they buy of peddlers, hucksters, factories, stores, railroad companies and individuals, and often handle fifty tons of iron per day as the result of many hundreds of purchases; that the margin of profit is small, and success in business is contingent upon minimum expense in handling, accurate sorting and quick sales; that there are more than thirty junk dealers in said city, and competition among them and other similar dealers elsewhere is sharp; that appellants in their business employ three men and two women, and occupy a tract of land fifty by eighty feet, for which they pay a monthly rental of $20, and with a cash capital of $2,000 do a business of $30,000 per year; that the enforcement of the ordinance would require them to rent double the space now occupied, employ not less than ten men, and require a capital of at least $10,000.

The complaint alleges with particularity the requirements for sorting and the numerous classifications made of iron, copper, brass, lead, tin, rags, rope, paper and rubber, and avers that it is not practicable to keep each individual purchase separate and distinct, to make and preserve a description of articles purchased each day, or to retain the same for a period of forty-eight hours; that many purchases are

made by telephone, telegraph and mail, and it is not possible for the dealer to inform himself as to the age, color, weight, complexion, style of beard and dress of the seller; that it is not practicable to keep and report the price of each article purchased, and to do so would make public and destroy appellants' business.

It is alleged that the ordinance is unreasonable and oppressive, wholly invalid and void, because it attempts: (1) to license junk dealers, although they are licensed by the State; (2) to license and regulate junk dealers under authority to license and regulate junk-stores; (3) to prohibit any dealer from keeping more than one store; (4) to restrain trade by requiring junk dealers to enter upon their books matters of which they can have no knowledge, and to prevent purchases by mail, telegraph or telephone; (5) to prohibit dealers from purchasing from persons other than licensed junk dealers, and from intoxicated persons; (6) to make public the private business of the dealer; (7) to restrict trade, by prohibiting a resale within forty-eight hours.

It is alleged that the ordinance is in violation of the Constitution of the United States, in that (1) it abridges the privileges and immunities of appellants as citizens of the United States, and imposes unreasonable restrictions upon trade and commerce; (2) deprives appellants of their property without due process of law; (3) denies them equal protection of the law; (4) infringes the authority of congress to regulate commerce among the states.

It is alleged that appellees are threatening to, and if not restrained will, bring many actions to enforce the penalties of the ordinance and destroy the business of appellants and others for whom they sue, and that no adequate remedy at law exists.

Appellee city is authorized to enact ordinances "to tax, license and regulate second-hand and junk-stores, and pawnbrokers, and to forbid persons engaged in any such business

from purchasing or receiving any article whatever from minors without the consent of their parents or guardians.'' Acts 1905, p. 219, §53, subd. 43, §8655 Burns 1908.

Appellants' right to maintain a suit in equity to enjoin the enforcement of the ordinance is not challenged by appellees. If the ordinance is unauthorized and wholly void, as alleged, injunction on behalf of a number of interested parties may be an appropriate remedy to prevent its enforcement, and thereby to avoid a multiplicity of actions. *Davis* v. *Fasig* (1891), 128 Ind. 271 276. McQuillin, Mun. Ord., §285.

1.

Appellants' counsel insist that cities are empowered only "to tax, license and regulate junk-stores," and not junk dealers, and relying upon the principle that statutes delegating authority must be strictly construed, and all doubts resolved against the grantee, they contend that this ordinance, directed as it is against the business of junk dealers, is unauthorized. The complaint avers that appellants are not only junk dealers, but also proprietors of a junk-store, and their grievances are predicated upon the claim that an enforcement of the ordinance would unwarrantably interfere with such business. The distinctive rights of peddlers, who only go about in wagons gathering junk, are not involved in this appeal. If the granting words of the statute were merely to tax and regulate junk-stores, appellants' construction would seem more persuasive, but the authority "to license" is also conferred. The power to license includes the concurrent power to prohibit, except upon compliance with reasonable requirements. A license is a privilege granted to a person or persons, and not to inanimate things, to pursue some occupation, or to exercise some right, which has been declared unlawful except upon compliance with certain conditions. The existing evils developed by the unregulated junk business were well known, and, keeping in mind the manifest purpose of the legislation, we are led to the conclusion that the grant of power to

2.

license and regulate junk stores was intended to and does authorize the enactment of ordinances covering the general business of junk dealers, and is not to be restricted to a mere regulation of places where junk is dealt in and accumulated.

3. The power to enact the ordinance in question was specifically conferred, as we have seen, but the manner and extent of restriction and regulation have not been prescribed, hence the reasonableness of its provisions is a proper subject for judicial review. *Chicago, etc., R. Co.* v. *Town of Salem* (1908), 170 Ind. 153; *Southern Ind. R. Co.* v. *City of Bedford* (1905), 165 Ind. 272; McQuillin, Mun. Ord., §§181-183.

4. The statute expressly authorizes cities to forbid junk dealers from purchasing property of minors without the consent of their parents or guardians, and appellants' counsel, invoking the rule of construction, *expressio unius exclusio alterius,* contend that authority to prohibit buying from an intoxicated person is thereby impliedly denied. Buying of or bartering with minors for junk, without the consent of their parents or guardians, is an offense against the State. Acts 1905, p. 431, §8273 *et seq.* Burns 1908. The special inclusion in city charters of power to legislate against such traffic indicates a purpose to authorize cities also to prohibit and punish such conduct rather than to restrict their authority to make other reasonable regulations. The asserted right of a sober man to buy of another, while in a state of intoxication, property which an ungovernable and insatiable appetite may have prompted him to steal, and would likely induce him to sacrifice on any terms, is so abhorrent to a sense of fair dealing as to merit little consideration in a court of equity. The provisions of the ordinance on this subject are clearly not unauthorized or unreasonable. *City of Grand Rapids* v. *Braudy* (1895), 105 Mich. 670, 64 N. W. 29, 32 L. R. A. 116, 55 Am. St. 472.

Complaint is made of section five of the ordinance, which requires the dealer to make and keep an accurate description

of the goods, articles and things purchased, together with the name, age, residence, color, weight, height, complexion, style of beard and dress of the seller.

The right to pursue the business of a junk dealer is not inalienable, but by the State may be restricted to any extent deemed proper, or wholly denied. In the absence of prohibitory legislation it is legitimate, and, in seeking to prevent waste and conserving old and wornout materials, is beneficial, but it is not absolutely essential to the welfare of society. In the case last cited, in speaking of junk dealers and their places of business, the court said: "It is common knowledge that thieves resort to these places to dispose of their stolen goods, and that unscrupulous, and often times criminal, persons are engaged in the business."

The business comes clearly within the scope of the police power of the State, and those engaged in it must know that in pursuing such calling they are exercising a personal privilege, rather than an absolute right, without any guarantee or contract, expressed or implied, for its definite continuance. The purposes actuating the enactment of provisions regulating such business are the highest that can concern organized society. The objects, among others, are to prevent both old and young from entering upon a tempting species of petty thievery, to expose dishonest and criminal practices in receiving and concealing stolen property, to assist in reclaiming and restoring such property to the rightful owner, and to facilitate the detection and punishment of thieves. The State has placed dealers under the ban of a license, and has authorized cities still further to tax, license and regulate their business. The courts are slow to declare any police ordinance invalid on the ground that it is unreasonable, when the power to legislate upon the subject has been expressly conferred upon the common council, and certainly a very clear abuse of power must be shown to justify a court in declaring void provisions so vital to the good of society as those here involved.

Grossman *v.* City of Indianapolis—173 Ind. 157.

Special complaint is made of the requirement for a particular description of the person of the seller. The ordinance operates only within the corporate limits of the

7.   city of Indianapolis, and it cannot be that great numbers of purchases must be made by mail, telegraph or telephone, without opportunity to see the seller. It bears alike upon all dealers, and no one can have advantage over his competitors in this respect. This requirement is manifestly essential to the accomplishment of the primary purposes of the ordinance. Provisions, in substance like those under consideration, were upheld in the case of *City of Grand Rapids* v. *Braudy, supra,* in which the court said: "This provision is no more unreasonable, and certainly is as essential for the protection of society, as the law regulating druggists, which requires them to record in a book the names of . all persons applying for intoxicating liquors, the date of sale, the amount and kind of liquor sold, and the purpose for which the same was to be applied." It is our conclusion that there is nothing unreasonable in requiring junk dealers to keep an accurate record of their purchases, a description of the articles purchased and of the person of the seller. *Launder* v. *City of Chicago* (1884), 111 Ill. 291, 53 Am. Rep. 625; *City of Duluth* v. *Bloom* (1893), 55 Minn. 97, 56 N. W. 580, 21 L. R. A. 689; *Shuman* v. *City of Fort Wayne* (1891), 127 Ind. 109, 11 L. R. A. 378; *Commonwealth* v. *Leonard* (1886), 140 Mass. 473, 4 N. E. 96, 54 Am. Rep. 485; *City of Kansas City* v. *Garnier* (1896), 57 Kan. 412, 46 Pac. 707.

It is next contended that the provision requiring the dealer to report prices paid by him serves no conceivable purpose, is vexatious and oppressive, and an unwar-

8.   rantable interference with the privacy of business.

We cannot yield to this contention. The public purposes to be subserved include oversight of the honesty not only of the seller but also of the purchaser of such property. The inadequate price for which property is bought is many

times the first intimation of a want of title in the seller, and, with other circumstances, may be sufficient to convict the purchaser of knowingly receiving stolen goods. In the case of *Launder* v. *City of Chicago, supra,* the court very pertinently said: "Giving the required information to the chief of police—a public officer of the law—does not give publicity to his business, at least not so much as keeping his books open to the inspection of the mayor and any member of the police. It is not to be presumed that the chief of police will make an improper use of the information he receives under this section. On the contrary, it would be a breach of official duty for him to do so, or to make his information public except when necessary in the detection and punishment of crime."

The provision requiring goods to be held forty-eight hours before reselling is attacked as unreasonable and oppressive.

9. The propriety of this requirement, and its relevancy to the objects to be attained by the enactment of the ordinance, are apparent, and the time prescribed for the detention of such property is entirely reasonable. The supreme court of Ohio held that a statute requiring junk dealers to retain property at least thirty days before disposing of the same was constitutional and valid, and in that connection said: "The business of dealing in second-hand articles and junk is one which is peculiarly liable to abuse; and, whether honestly conducted or not, experience has shown that stolen or lost property frequently finds its way to the junk dealer, through the agency of the persons who have unlawfully appropriated it. In view of the fact that it frequently happens that individuals seeking to reclaim their property are suddenly stopped and forever baffled at the door of the junk dealer's shop, the requirements complained of here seem to us to be very fair and moderate." *Phillips* v. *State* (1907), 77 Ohio St. 214, 82 N. E. 1064.

It is finally argued that the ordinance is void as in undue restraint of trade. The cases cited to this proposition in-

volved ordinances passed by cities in pursuance of 10. their general police powers, and which had no apparent tendency to conserve or promote the public health, morals, safety or welfare, but unreasonably interfered with trade not subject to special police regulations. The ordinance under consideration was passed by virtue of express authority, and its efficiency towards accomplishing the purposes in view is apparent. We have seen that the objectionable provisions, taken singly, were not unreasonable, and it must follow that they cannot be regarded as an undue restriction upon legitimate trade, and the ordinance, as a whole, is valid. *People, ex rel.,* v. *McClave* (1885), 99 N. Y. 83, 1 N. E. 235; *Levy* v. *City of Anniston* (1908), 155 Ala. 149, 46 South. 237; *State* v. *Cohen* (1906), 73 N. H. 543, 63 Atl. 928; *Commonwealth* v. *Mintz* (1902), 19 Pa. Super. Ct. 283; *City of Butte* v. *Paltrovich* (1904), 30 Mont. 18, 75 Pac. 521, 104 Am. St. 698.

The constitutional objections suggested have not 11. been presented, and are therefore not given detailed consideration.

No error having been made to appear, the judgment is affirmed.

## On Petition for Rehearing.

Montgomery, C. J.—Appellants herein have petitioned for a rehearing on the grounds that the court erred (1) in holding the ordinance in question to be valid, and (2) in impliedly holding that persons engaged in the wholesale junk business are within its provisions.

No additional authorities or arguments have been advanced, and we find no reason to depart from our holding that the ordinance is a valid exercise of the police power vested in the city of Indianapolis.

This suit was brought on behalf of junk dealers collectively, both wholesalers and retailers, and our holding was that, upon the facts alleged, the enforcement of the ordi-

nance could not be enjoined as against such joint complainants. The limitations of the ordinance in its application to junk dealers are not clearly defined, and in this case we are not called upon to fix the same with precision. Some of the primary objects to be attained from such legislation are enumerated in the original opinion, and it is manifest that the evils to be abated are not ordinarily connected with the wholesale trade. The opinion is not to be understood as holding, either expressly or impliedly, that a wholesale junk dealer, who buys within the city only in large quantities of other wholesalers or of dealers duly licensed under the ordinance, must also be licensed thereunder and comply with all its provisions. The city, in the passage of the ordinance, doubtless had no intention to exact the same requirements of successive purchasers of the same articles of junk.

The petition for a rehearing is overruled.