(No. 13405.—Judgment affirmed.)

THE VILLAGE OF WESTVILLE, Appellant, *vs.* ALBERT RAINWATER, Appellee.

*Opinion filed October 23, 1920.*

1. MUNICIPAL CORPORATIONS—*power to enact police regulations must be expressly granted or necessarily implied.* Cities and villages have no inherent power to enact police regulations but can exercise only such powers in that respect as are expressly delegated by the legislature and such as are necessarily implied from those expressly granted.

2. SAME—*city cannot require license for wholesale business of delivering soft drinks to retailers.* There is no power expressly delegated or necessarily implied in any of the clauses of paragraph 62 of the Cities and Villages act which gives a city authority to license or prohibit the lawful business of delivering to retail dealers non-intoxicating beverages containing less than one-half of one per cent alcohol by volume.

3. SAME—*the power to license or prohibit a business which affects public interest must be reasonably exercised.* Under its police power a city may regulate any occupation or business the unrestrained pursuit of which might injuriously affect the public, but an ordinance requiring a business to be licensed must in some degree tend toward the prevention of some evil and have for its aim the protection of the public health, safety, morals or welfare.

APPEAL from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding.

H. C. BENDER, Village Attorney, (GRAHAM & DYSERT, of counsel,) for appellant.

CRAYTON & BOYLE, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The village of Westville caused a complaint to be filed against Albert Rainwater, charging him with selling and delivering a malt, cereal or grain beverage in violation of an ordinance of said village. A warrant was issued for his arrest by a police magistrate and on a hearing a judgment was rendered imposing a penalty of $50 and costs. Rainwater appealed to the circuit court, which court on a hearing reversed the judgment, held the ordinance invalid and discharged defendant. The circuit court certified the validity of a municipal ordinance was involved and the public interest required the appeal prayed by the village should be prosecuted directly to this court, and the village has brought the record here by appeal for review.

There is no dispute as to the facts and the case involves only the validity of an ordinance. The ordinance in question, under the title "Soft Drinks," provides: "It shall be unlawful for any person, firm or corporation in said village, either by himself or agents, or for any agents, dispensers, clerks, servants or other persons, to sell any malt, cereal, grain or fruit beverages, extracts or substitutes thereof, or to sell or offer for sale any ice cream, ice cream sodas, pop or ginger ale, or any other drinks known as soft drinks, without first having obtained license to do so, which said license shall be known as a retail soft drink license. It shall be unlawful for any person or persons to deliver any of the above mentioned articles, or act as agents or dispensers of the same, without first having obtained a license which is hereby denominated as a wholesale license: *Provided,* that nothing herein contained shall be construed as operating to grant the right to sell beverages containing more than one-half ($\frac{1}{2}$) of one (1) per cent alcohol." A penalty of not less than $50 nor more than $200 was provided. Another section of the ordinance provided for the amount of the license to be charged. The cause was heard

in both lower courts on a stipulation of facts, wherein it was agreed that appellee, as the agent for the Fecker Brewing Company, Danville, Illinois, sold and delivered within the limits of the village a beverage prepared from malt, grain and other products containing less than one-half of one per cent alcohol by volume, and that neither the brewing company nor appellee.had any license under the village ordinances.   The sole. defense was that the village had not the power to adopt the ordinance.

The proof heard showed what appellee did was deliver the brewing company's product from a truck he drove, to the keeper of a soft drink place at the customer's· place of business, and. the question is whether the village had au-thority to adopt an ordinance requiring appellee to take out a license.   It is familiar law that cities and villages have no inherent power to enact police regulations but can exercise only such powers in that respect as are expressly delegated by the legislature and such powers as are necessarily implied from those expressly granted.   The powers expressly granted city councils and village boards are enumerated in paragraph 62 of the Cities and Villages act. Appellant does not point out any clause of that paragraph conferring authority upon it to require appellee to take out a license to make his occupation lawful, but argues such authority is derived from several grants of power by said paragraph considered together, and more particular reference is made to clause 9, authorizing a municipality to regulate the use of the streets, alleys, sidewalks and public grounds;   clause 20, to regulate traffic and sales on the streets, sidewalks and public places;   clause 41, authorizing a municipality to license, regulate and suppress hawkers, peddlers, etc.;   and clause 66, authorizing cities and villages to regulate the police and to pass and enforce all necessary police ordinances.   There is in none of said clauses or in any other clause of paragraph 62 any express authority to license or prohibit the occupation or business appellee was

engaged in, nor is the power to do so necessarily implied from the powers expressly granted. (*City of Chicago v. M. & M. Hotel Co.* 248 Ill. 264; *City of Chicago v. Collins,* 175 id. 445.) The health, safety, welfare and comfort of the population of cities and villages are proper subjects for the exercise of the police power, and under a delegation of the power they may regulate any occupation or business the unrestrained pursuit of which might injuriously affect the public in the respects mentioned, but ordinances requiring a business or occupation to be licensed must in some degree tend toward the prevention of some evil and have for their aim the protection of the public health, safety, morals or welfare. (*Wilkie v. City of Chicago,* 188 Ill. 444.) What kind of business or occupation injuriously affects the public interests is primarily for the consideration of the municipal authorities, but the power to control or regulate must be expressly or impliedly delegated and be exercised in good faith and within reasonable bounds. The business of delivering to the purchaser beverages containing less than one-half of one per cent alcohol by volume was a lawful business, and the authority to require appellee to take out a license is not expressly or impliedly conferred on municipalities by the Cities and Villages act.

In this decision we have not considered the power of the municipality to require the person who keeps a place for the retail of soft drinks to customers to take out a license. That question is in no way involved, for the only business appellee was engaged in was driving a truck for the delivery of non-intoxicating beverages to the retail dealer.

The judgment of the circuit court is in accordance with the law, and it is affirmed.          *Judgment affirmed.*