VILLAGE OF ST. JOHNSBURY *v.* JACOB ARON.

February Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed October 7, 1930.

*Shields & Conant* for the defendant.

*Searles, Graves & Waterman* for the plaintiff.

MOULTON, J. The defendant was charged with a violation of an ordinance of the village of St. Johnsbury, in that he had conducted a business for the purchase and sale of junk, old metals and secondhand articles, and had maintained a yard for the storage of, and dealing in, such articles, without first having obtained a license so to do. He was tried by the Caledonia County municipal court, and judgment was entered for the plaintiff village to recover the penalty prescribed in the village charter. The case is before us on defendant's exceptions to the refusal of the trial court to enter a judgment in his favor. The grounds for the motion were that the ordinance in question is unconstitutional, because it is repugnant to Articles 1, 4, and 7 of Chapter 1 of the Constitution of Vermont and to

the Fourteenth Amendment of the Constitution of the United States.

The ordinance, so far as material, is as follows:

"No person shall engage in business for the purchase, sale or barter of junk, old metals and secondhand furniture, and no person shall collect by purchase or otherwise junk, old metals or secondhand articles from place to place within the corporate limits of the village of St. Johnsbury, or conduct a shop or other place for the storage of or dealing in any such articles without first applying for and receiving a license so to do, which application shall contain a full statement of the conditions under which the said business is to be carried on and such application shall be kept on file in the village Clerk's Office. The place where, and the conditions under which the business shall be conducted shall be determined by said Trustees, but no person shall be granted a license to conduct a yard, or other outdoor place for the business of storing or dealing in junk or old metals, or secondhand articles unless said yard or other outdoor place shall be enclosed by a neat, substantial fence at least six feet high, approved by the Trustees. The license fee shall be Twelve Dollars ($12.) and the granting of any such license shall be wholly within the discretion of said trustees and if issued may be revoked at any time for cause. * * * *"

The invalidity of this ordinance is claimed to consist in the fact that it leaves to the arbitrary discretion of the village trustees the question whether anyone can engage in the businesses mentioned therein and does not specify any rules or regulations upon compliance with which the right to do so can be exercised; so that the defendant is thereby deprived of the right to acquire, use, and enjoy his property; of the equal protection of the law; and of his property without due process of law.

The ordinance is expressly authorized by section 4 of the St. Johnsbury Village Charter (No. 179, Acts 1927), by which the village is empowered, subject to the general law and to certain limitations not here material, to pass ordinances and by-laws respecting "the construction, location and use, and the licensing if the trustees deem necessary of * * * * * * junk businesses * * * *."

It is argued that the defendant is not in a position to raise the question of the invalidity of the ordinance, because of

the alleged arbitrary power therein granted to the board of trustees, since he has made no application for a license, and consequently has not been refused one. Certain language in *Gundling* v. *City of Chicago*, 176 Ill. 340, 52 N. E. 44, 48 L. R. A. 230, and in the same case when later decided by the United States Supreme Court, 177 U. S. 183, 186, 44 L. ed. 725, 728, 20 Sup. Ct. 633, is quoted by the plaintiff in support of its contention. What the supreme Court of Illinois said sustains the plaintiff's position, but what the federal Supreme Court said is only the expression of a doubt concerning the matter. We hold that it was not necessary for the defendant to apply for a license and be refused before he could raise the question. If the ordinance is invalid, the board of trustees was without authority either to grant or refuse the license, and it was not necessary for the defendant to do a vain thing before attacking the ordinance which injuriously affected his right. *Trustees of Bloomfield* v. *Bayne*, 206 Ky. 68, 266 S. W. 885, 886; *Durkin Lumber Co.* v. *Fitzimmons* (N. J. Err. & App.), 147 Atl. 555, 557.

It is well settled that statutes providing for the regulation and licensing of the business of dealing in junk and secondhand articles are a valid exercise of the police power of the state. *Comm.* v. *Hubley*, 172 Mass. 58, 59, 60, 51 N. E. 448, 42 L. R. A. 403, 70 A. S. R. 242; *State* v. *Cohen*, 73 N. H. 543, 546, 63 Atl. 928; *Phillips* v. *State*, 77 Ohio St. 214, 82 N. E. 1064, 1065; *City of Grand Rapids* v. *Braudy*, 105 Mich. 670, 64 N. W. 29, 31, 32 L. R. A. 116, 55 A. S. R. 472; *Shurman* v. *City of Atlanta*, 148 Ga. 1, 95 S. E. 698, 702, 703; *City of St. Louis* v. *Baskowitz*, 273 Mo. 543, 201 S. W. 870, 876-878. There is no inherent power in a municipal corporation to enact police regulations. *Village of Westville* v. *Rainwater*, 294 Ill. 409, 128 N. E. 492, 493; *Catholic Bishop of Chicago* v. *Palos Park*, 286 Ill. 460, 121 N. E. 561; *Cleveland Tel. Co.* v. *Cleveland*, 98 Ohio St. 358, 121 N. E. 701, 702; *State* v. *Dannenburg*, 150 N. C. 799, 63 S. E. 946, 948; *City of Wichita* v. *Wolkow*, 110 Kan. 127, 202 Pac. 632, 633; *St. Paul* v. *Robinson*, 129 Minn. 383, 152 N. W. 777, 779, Ann. Cas. 1916E, 845. But this power may constitutionally be delegated by the state to the municipality. *New Orleans Water Works Co.* v. *New Orleans*, 164 U. S. 471, 481, 41 L. ed. 518, 524, 17 Sup. Ct. 161; *Soutenburgh* v. *Hennick*, 129 U. S. 141, 32 L. ed. 637, 638, 9 Sup. Ct. 256; *St.*

*Paul Gaslight Co.* v. *St. Paul,* 181 U. S. 142, 148, 45 L. ed. 788, 791, 21 Sup. Ct. 575; *Catholic Bishop of Chicago* v. *Palos Park, supra; Champer* v. *City of Greencastle,* 138 Ind. 339, 35 N. E. 14, 18, 24 L. R. A. 768, 46 A. S. R. 390; *People* v. *Atwell,* 232 N. Y. 96, 133 N. E. 364, 365, 25 A. L. R. 107; *Comm.* v. *Davis,* 162 Mass. 510, 512, 39 N. E. 113, 26 L. R. A. 712, 44 A. S. R. 389. So, also, the delegation may be to a subordinate board or commission. *State Board of Health* v. *St. Johnsbury,* 82 Vt. 276, 283, 73 Atl. 581, 23 L. R. A. (N. S.) 766, 18 Ann. Cas. 496; *State* v. *Trenton,* 51 N. J. Law, 498, 18 Atl. 116, 5 L. R. A. 352, 353. And an ordinance legally enacted by a municipality and within the power thus conferred upon it has the force of a law passed by the legislature of the state. *New Orleans Waterworks Co.* v. *New Orleans, supra; St. Paul Gaslight Co.* v. *St. Paul, supra; People* v. *Atwell, supra; Hopkins* v. *Richmond,* 117 Va. 692, 86 S. E. 139, 148, Ann. Cas. 1917D, 1114; *Heland* v. *Lowell,* 3 Allen (Mass.) 407, 408, 81 A. D. 670. And since it is regarded as in effect a statute of the state, its validity is to be measured by the provisions of the Fourteenth Amendment to the federal Constitution. *North American Cold Storage Co.* v. *Chicago,* 211 U. S. 306, 53 L. ed. 195, 198, 29 Sup. Ct. 101, 15 Ann. Cas. 276; *Home Ins. Co.* v. *City & Council of Augusta,* 93 U. S. 116, 23 L. ed. 825, 826; *Maxwell* v. *Miami,* 87 Fla. 107, 100 So. 147, 33 A. L. R. 682, 686.

Every presumption is to be made in favor of the constitutionality of such an ordinance, and it will not be declared unconstitutional without clear and irrefragable evidence that it infringes the paramount law. *Clark* v. *City of Burlington,* 101 Vt. 391, 397, 143 Atl. 677, and cases cited. If, without doing violence to the fair meaning of its language, we can give the ordinance a construction free from the constitutional objection, it will be our duty to do so. *Burlington L. & P. Co.* v. *City of Burlington,* 93 Vt. 27, 34, 106 Atl. 513. The rule is that "every intendment is to be made in favor of * * * * municipal power, making regulations to promote the public health and safety, and that it is not the province of the courts, except in clear cases, to interfere with the exercise of the power reposed by law in municipal corporations for the protection of local rights and the health and welfare of the people of the community." *Sullivan* v. *Shreveport,* 251 U. S. 169, 172, 173, 64 L. ed. 205, 209, 40 Sup. Ct. 102, 103.

 Nevertheless, the exercise of this power must be reasonable and whether it is reasonable in the particular instance is a question ultimately for the court. *State* v. *Haskell,* 84 Vt. 429, 431, 79 Atl. 852, 34 L. R. A. (N. S.) 286; *Grossman* v. *City of Indianapolis,* 173 Ind. 157, 88 N. E. 945, 947, 89 N. E. 862; *City of Grand Rapids* v. *Braudy, supra.* In like manner it must not be oppressive or discriminatory. *Lawrence* v. *Rutland R. R. Co.,* 80 Vt. 370, 383, 67 Atl. 1091, 15 L. R. A. (N. S.) 350, 13 Ann. Cas. 475. Nor may legislation or ordinances violative of the Fourteenth Amendment be excused by invoking what Mr. Justice Oliver Wendell Holmes calls "the convenient apologetics of the police power." *Kansas City So. Ry.* v. *Kaw Valley District,* 233 U. S. 75, 79, 58 L. ed. 857, 34 Sup. Ct. 564, 565.

 An ordinance which invests an official or board of officials with authority to grant or withhold a license to engage in a lawful business according to his or their arbitrary discretion is unconstitutional and void. The leading case upon this doctrine is *Yick Wo* v. *Hopkins,* 118 U. S. 356, 358, 30 L. ed. 220, 225, 226, 6 Sup. Ct. 1064, in which an ordinance of the city of San Francisco forbidding the operation of a laundry in a building not constructed of brick or stone, without first having obtained the consent of the board of supervisors, was held to be void, under the Fourteenth Amendment, since it did not prescribe a rule and conditions for the regulation of the use of laundry property to which all similarly situated might conform, but divided the owners and occupiers of wooden buildings into two classes, not having respect to their personal character and qualifications for the business nor the situation and nature and adaptation of the buildings themselves, but merely by an arbitrary line, on one side of which were those who were permitted to pursue their industry by the mere will and consent of the supervisors and on the other those from whom that consent was withheld at their mere will and pleasure.

In *Noel* v. *People,* 187 Ill. 587, 52 N. E. 616, 618, 52 L. R. A. 287, 79 A. S. R. 238, a statute provided that the board of pharmacy "may in their discretion issue permits to persons, firms or corporations" for the sale of certain proprietary remedies. The Court said:

"A law which invests any board or body of officials with a discretion which is purely arbitrary, and which may be exercised in the interest of a favored few, is invalid."

In *City of Portland* v. *Trayner,* 94 Or. 418, 183 Pac. 933, 6 A. L. R. 1410, 1414, it is said: "Any ordinance which invests in an officer or board arbitrary power to issue or withhold a license for any trade or profession without regard to the qualifications of the applicant, is void." And in *Farmers' & Planters' Co.* v. *Mayor, etc., of Salisbury,* 136 Md. 617, 111 Atl. 112, 114, "It is of course true that an ordinance cannot confer an unlimited discretion, but limited to cases which have been provided for, and in the manner prescribed by certain general and fixed rules." In *Rehmann* v. *City of Des Moines,* 200 Iowa, 286, 204 N. W. 267, 40 A. L. R. 922, 926, it is held that the attempt to confer authority to grant licenses in unlimited discretion would be void and unconstitutional.

The rule is clearly stated in *City of Richmond* v. *Dudley,* 129 Ind. 112, 28 N. E. 312, 314, 13 L. R. A. 587, 28 A. S. R. 180, as follows: "It seems * * * * to be well established that municipal ordinances placing restrictions upon lawful conduct or the lawful use of property must, in order to be valid, specify the rules and conditions to be observed in such conduct or business, and must admit of the privilege of all citizens alike who will comply with such rules and conditions; and must not admit of the exercise, or of the opportunity for the exercise of any arbitrary discrimination by the municipal authorities between citizens who will so comply."

To the same effect are the following: *State ex rel. Makris* v. *Superior Court,* 113 Wash. 296, 193 Pac. 845, 12 A. L. R. 1428, 1431, 1432; *Bizzell* v. *Board of Aldermen,* 192 N. C. 348, 135 S. E. 50, 49 A. L. R. 755, 763; *Harrigan & Reid Co.* v. *Burton,* 224 Mich. 564, 195 N. W. 60, 33 A. L. R. 142, 146; *Crossman* v. *City of Galveston,* 112 Tex. 303, 247 S. W. 810, 26 A. L. R. 1210, 1219; *Winthrop* v. *N. E. Chocolate Co.,* 180 Mass. 464, 466, 62 N. E. 969; *Bostock* v. *Sams,* 95 Md. 400, 52 Atl. 665, 669, 59 L. R. A. 282, 93 A. S. R. 394; *Mayor, etc., of Hagerstown* v. *B. & O. R. Co.,* 107 Md. 178, 68 Atl. 490, 493, 126 A. S. R. 382; *City of Seattle* v. *Gibson,* 96 Wash. 425, 106 Pac. 109, 111. And see, also, other cases collected in note, 12 A. L. R. 1435 *et seq.*

The doctrine has been recognized by this Court, since in *State* v. *Harrington*, 68 Vt. 622, 636, 35 Atl. 515, 34 L. R. A. 100, a statute providing for the licensing of itinerant vendors by the board of aldermen or selectmen of a city or town was held to be constitutional because, among other reasons, it did not confer upon the board authority to grant or refuse licenses at their mere option.

There are decisions which are claimed by the plaintiff to support the ordinance in question. But, upon examination, some of them will be found to deal with ordinances which establish some criterion by which the licensing board are required to act in passing upon the application, such as the personal fitness of the applicant or the suitability or adequacy of the premises or appliances to be used; while others have to do with the control of the municipality over the use of the public streets and parks; still others either expressly or impliedly recognize the rule which we have stated above but construe the particular ordinance in question to exclude the grant of arbitrary power. Two cases only, upon which the plaintiff especially relies, need be particularly noticed.

In *People ex rel. Lieberman* v. *Van De Carr*, 199 U. S. 552, 50 L. ed. 305, 26 Sup. Ct. 144, the relator was charged with a violation of a section of the Sanitary Code of New York City providing that no milk should be received, held, kept for sale or delivered without a written permit from the board of health and subject to the condition thereof. He was arrested, and sued out a writ of *habeas corpus*. The writ was dismissed in the Supreme Court of New York, and the judgment was affirmed by the Appellate Division (81 App. Div. 128, 80 N. Y. S. 1108) and the Court of Appeals (175 N. Y. 440, 67 N. E. 913, 108 A. S. R. 781), successively. The ordinance was construed to be a grant of power to issue or withhold permits in the honest exercise of a reasonable discretion in the Appellate Division and there was no dissent upon this point in the Court of Appeals. It was said that if the section in question vested in the board arbitrary power to license one dealer and refuse a license to another similarly situated it would be invalid. The case came to the Supreme Court of the United States on a writ of error. In that Court the construction placed upon the ordinance by the New York Courts was adopted, in pursuance to the rule that no state law will be declared unconstitutional when duly

passed by legislative authority and approved by the highest court of the State in such a manner that its constitutionality appears. See *Clement Nat'l Bank* v. *Vermont,* 231 U. S. 120, 134, 58 L. ed. 147, 155, 34 Sup. Ct. 31.

In *Engel* v. *O'Malley,* 219 U. S. 128, 55 L. ed. 128, 31 Sup. Ct. 190, a statute of the state of New York which forbade an individual or partnership to engage in the business of receiving deposits of money without a license from the comptroller was claimed to be invalid upon the ground that the comptroller might refuse a license upon his arbitrary whim. The court, however, construed the various sections of the statute, taken together, to mean that in refusing a license he was expected to act for cause.

It is obvious that neither of the two foregoing cases is opposed to the rule that the granting of arbitrary power would render the ordinance invalid.

The issue concerns the construction of the ordinance before us. Tested by the doctrine stated above, its invalidity is apparent. No rules are laid down for the guidance of the trustees; they are not required to consider the personal fitness of the applicant, the propriety and convenience of his location or premises or any other thing in granting or withholding permission to carry on the business. No regulations are prescribed the compliance with which will entitle the applicant to receive a license. The requirement of a fence does not so entitle him. Whether or not the license is to be granted lies wholly in the discretion of the trustees and this discretion they may exercise arbitrarily and for personal and private reasons.

It is urged that the discretion given to the trustees is a legal discretion and that it is not to be presumed that it will be exercised in an arbitrary or unreasonable manner. But in testing the constitutionality of an ordinance the validity of which is attacked for the reasons here given what may be done under its authority and not only what has been done, is to be considered. *Spann* v. *Gaithier,* 152 Md. 1, 136 Atl. 41, 45, 50 A. L. R. 620; *Yick Wo* v. *Hopkins, supra.* The phrase "wholly within the discretion of said trustees" is equivalent to the grant of an uncontrolled or unlimited or arbitrary discretion and permits them capriciously to discriminate between the various applicants for a license. Such is our construction of the ordi-

nance, and therefore we hold that it denies to the defendant the equal protection of the laws, as guaranted to him by the Fourteenth Amendment of the United States Constitution.

In view of this disposition of the case, it is unnecessary to consider the other questions argued.

*Judgment reversed, and judgment for defendant to recover his costs.*

NOTE.—When this case was argued at the February Term, 1930, it was assigned to MR. JUSTICE WILLCOX. At the May Term, 1930, it was reassigned to MR. JUSTICE MOULTON.