### City of Burlington v. Jay Lee, Inc. d/b/a Dunkin Donuts

[290 A.2d 23]

No. 74-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 4, 1972

*Joseph E. McNeil*, City Attorney, and Corporation Counsel, for Plaintiff.

*Lisman & Lisman*, Burlington, for Defendant.

**Keyser, J.** This is a petition for injunctive relief against the defendant to restrain the violation of Title 7, Chapter 3, Subsection 13, Section 1483 of its ordinances, effective on January 6, 1971. The ordinance provides as follows:

> "In any residential zone of the City, no restaurant, lunchroom, public eating places and drug stores and other stores dispensing food and drink to the public for consumption on the premises shall remain open for business during the four hour period between the hours of 1:30 A.M. and 5:30 A.M. inclusive."

The defendant's restaurant is located in a residential zone at 206 Shelburne Street. That area has been zoned residential since the inception of zoning in Burlington in 1947. In June, 1966, the defendant sought and received a variance, with no conditions attached, from the Burlington Zoning Board of Adjustment enabling it to build and operate its restaurant within the residential zone. Except for a brief period during 1967, defendant's restaurant has been open on a 24-hour basis.

Upon hearing the court found the defendant in violation of the ordinance and by its decree permanently enjoined the defendant from disobeying the ordinance "by remaining open for business" during the four hours specified in the ordinance. The defendant thereupon appealed to this Court.

The thrust of defendant's appeal is to attack the constitutionality of the ordinance on the ground that it violates the due process and equal protection clauses of the Fourteenth Amendment of the Federal Constitution. No factual issue is involved.

The test used to determine the constitutionality of ordinances such as the one enacted by the City of Burlington was stated by the court in *Village of St. Johnsbury* v. *Aron*, 103 Vt. 22, 27, 151 A. 650 (1930), when it stated:

"Every presumption is to be made in favor of the constitutionality of such an ordinance, and it will not be declared unconstitutional without clear and irrefragable evidence that it infringes the paramount law. *Clark* v. *City of Burlington,* 101 Vt. 391, 397, 143 Atl. 677, and cases cited. If, without doing violence to the fair meaning of its language, we can give the ordinance a construction free from the constitutional objection, it will be our duty to do so. *Burlington L. & P. Co.* v. *City of Burlington,* 93 Vt. 27, 34, 106 Atl. 513. The rule is that 'every intendment is to be made in favor of . . . municipal power, making regulations to promote the public health and safety, and that it is not the province of the courts, except in clear cases, to interfere with the exercise of the power reposed by law in municipal corporations for the protection of local rights and the health and welfare of the people of the community.' *Sullivan* v. *Shreveport,* 251 U.S. 169, 172, 173, 64 L.Ed. 205, 209, 40 Sup.Ct. 102, 103."

■ The presumption of constitutionality of local ordinances unless clear and irrefragable evidence is shown to the contrary was adhered to by this Court in *Vermont Salvage Corp.* v. *Village of St. Johnsbury,* 113 Vt. 341, 347, 34 A.2d 188 (1943) ; and in *Town of Brattleboro* v. *Nowicki,* 119 Vt. 18, 19, 117 A.2d 258 (1955). Thus, the defendant, if he is to prevail, must show by clear and irrefragable evidence that the ordinance is unconstitutional.

■■ The defendant first contends the ordinance is unconstitutional because it violates the due process clause. The due process clause imposes a test of reasonableness upon such ordinances. This was summarized by the court in *Village of St. Johnsbury* v. *Aron, supra,* 103 Vt. at 28, where it stated:

"Nevertheless, the exercise of this power must be reasonable and whether it is reasonable in the particular instance is a question ultimately for the court. *State* v. *Haskell,* 84 Vt. 429, 431, 79 Atl. 852, 34 L.R.A. (N.S.) 286; *Grossman* v. *City of Indianapolis,* 173 Ind. 157, 88 N.E. 945, 947, 89 N.E. 862; *City of Grand Rapids* v. *Braudy, supra.* In a like manner it must not be oppressive

or discriminatory. *Lawrence* v. *Rutland R.R. Co.*, 80 Vt. 370, 383, 67 Atl. 1091, 15 L.R.A. (N.S.) 350, 13 Ann. Cas. 475. Nor may legislation or ordinances violative of the Fourteenth Amendment be excused by invoking what Mr. Justice Oliver Wendell Holmes calls 'the convenient apologetics of the police power.' *Kansas City So. Ry.* v. *Kaw Valley District,* 233 U.S. 75, 79, 58 L.Ed. 857, 34 Sup.Ct. 564, 565."

The Court in *Vermont Salvage Corp.* v. *Village of St. Johnsbury, supra,* 113 Vt. at 347, followed this test when passing upon a local zoning ordinance. Thus, a reasonable ordinance must further the general welfare and not be oppressive or discriminatory while accomplishing this objective.

In *State* v. *Grant,* 107 N.H. 1, 216 A.2d 790 (1966), the defendant was charged with operating a restaurant between 12:00 A.M. and 6:00 A.M. in violation of a local police ordinance. There the ordinance was upheld when the court determined that the restaurant had been the site of disturbances. In its consideration of the conditions present at the restaurant, and the ordinance enacted by the town to alleviate them, the court stated at 216 A.2d at 792:

"While the measure adopted in this case concededly was not a health measure, it could be found to bear a substantial relation to the maintenance of order and the protection of persons and property in the area. [Citation omitted.]"

In this case the conditions are highly similar to those in *State* v. *Grant, supra,* as here the City of Burlington sought to reduce the noise and maintain order in an area where such was known to occur and so found by the court. Also, the City of Burlington had an additional consideration to weigh when enacting its ordinance. This was the fact that the restaurant was in an area zoned residential. The ordinance applied to "any residential zone" and not just to the zone in which defendant's business was located. Under the circumstances the ordinance must be considered a reasonable exercise of the police power remedying a known evil. *State* v. *Grant, supra.*

The defendant next contends that the ordinance is an unconstitutional exercise of the police power by the City of Burlington because it regulates only those restaurants in the residential zones of the city and not all restaurants. Hence, defendant contends, the ordinance violates the equal protection clause.

The burden of proof the defendant must meet if it is to successfully challenge the ordinance for being beyond those classes allowed by the equal protection clause is set forth in *State* v. *Auclair*, 110 Vt. 147, 160, 4 A.2d 107 (1939):

"The equal protection clause of the Fourteenth Amendment does not prohibit legislative classification and the imposition of statutory restraints on one class which are not imposed on another. *Metropolitan Casualty Ins. Co.* v. *Brownell*, 294 U.S. 580, 583, 79 L.Ed. 1070, 55 Sup.Ct. 538, 540. The State possesses a wide discretion in exercising this phase of its police power with the qualification that the classification must not be purely arbitrary or irrational, but based upon a real and substantial difference, having a reasonable relation to the subject of the particular legislation. [Citing numerous cases.] 'A particular classification is not invalidated by the Fourteenth Amendment merely because inequality actually results. Every classification of persons or things for regulation by law produces inequality in some degree; but the law is not thereby invalidated * * * * unless the inequality produced be actually and palpably unreasonable and arbitrary.' *Bayside Fish Flour Co.* v. *Gentry*, 297 U.S. 422, 429, 80 L.Ed. 772, 56 Sup.Ct. 513, 516. The burden of proving that a legislative classification is essentially arbitrary and rests upon no reasonable basis is upon the party who asserts it, and it will not be declared invalid 'unless viewed in the light of facts made known or generally assumed, it is of such a character as to preclude the assumption that the classification rests upon some rational basis within the knowledge or experience of the legislators. A statutory discrimination will not be set aside as the denial of equal protection of the laws if any

state of facts reasonably may be conceived to justify it.' [Citation omitted.]"

See also *Anchor Hocking Glass Corp.* v. *Barber,* 118 Vt. 206, 211–12, 105 A.2d 271 (1954).

■ The classification set forth by the City of Burlington in the ordinance is in substantial compliance with the *Auclair* test because it confers a public benefit on its citizens in a residential zone while providing a minimal impact upon defendant's business. In essence, the ordinance reduces noise and maintains order in residential zones while forcing defendant to close but four hours out of each 24 hours at a time when, by common knowledge, it is known that most persons are attempting to get their rest.

■ The defendant further contends that once it received its variance the City of Burlington was estopped from enacting any further ordinances which would touch upon the operation of its business. That a city may be estopped from exercising its police powers to enact a new ordinance when the circumstances demand it clearly is inconsistent with the basic nature of police power. See generally 1 C. Antieau, Municipal Corporation Law § 799(1) (1968).

Moreover, the variance was granted upon some representation by Dunkin Donuts of America, Inc., that the business would be operated at reasonable hours. Previous discussions in this respect were confirmed by letter of the company to the Zoning Administrator on August 19, 1966. Later on March 17, 1967, the defendant also applied for a variance to permit it to remain open 24 hours a day but on April 11, 1967, withdrew the application. Since that time the business has operated on a 24-hour basis, and during the early morning hours noise and disturbances took place resulting in some eleven complaints to the police. The ordinance compels that to be done which had been agreed to and it does not lie with the defendant to say that no condition being attached to the variance grants it any absolute rights in the operation of its business enterprise.

Although the attorneys for the parties approved the form of the decree it is noted that the ordinance is more liberal in

its application than the decree of the court. The ordinance restricts the sale of food "for consumption on the premises" whereas the decree operates to prohibit any business during the 1:30 A.M. to 5:30 A.M. time period.

We hold that the ordinance is constitutional and binding on the defendant.

*Judgment affirmed.*