# FARMERS AND PLANTERS COMPANY

## vs.

## THE MAYOR AND COUNCIL OF SALISBURY.

*Municipal Corporations—Building Ordinance—Validity— Discretionary Refusal of Permit.*

Under the charter of Salisbury, as amended by Acts 1912, Ch. 636, empowering the Mayor and Council to pass by-laws and ordinances as they may deem necessary for the good government of the city, to preserve the health, peace and safety of the inhabitants, the protection of property thereof, and to regulate the construction and repair of buildings and the grant of permits therefor, the Mayor and Council had power to pass an ordinance requiring any person desiring to erect or repair a building to apply for a permit, stating the location, size, materials and intended use of the building.        pp. 620, 621

Where a case is heard upon bill and answer, and the answer swears away the equities of the bill, the relief asked will not be granted, but the bill dismissed.        p. 620

Where an ordinance, passed in accordance with powers conferred in the charter, prohibits the erection of a building without first obtaining a permit from the Mayor and Council, the action of the latter in refusing a permit, made after careful consideration and the weighing of letters and petitions from those living in the vicinity, cannot be judicially questioned.

p. 621

*Decided June 17th, 1920.*

Appeal from the Circuit Court for Wicomico County, In Equity (Pattison, C. J., Duer, and Bailey, JJ.).

The cause was argued before Boyd, C. J., Briscoe, Thomas, Urner, Stockbridge, Adkins, and Offutt, JJ.

*Thomas H. Lewis, Jr.,* for the appellant.

*Benjamin A. Johnson,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

The Maryland General Assembly of 1912, by Chapter 636, made certain amendments to the Charter of Salisbury. The one with which this case has to do is found in Section 158E, and is contained in the following grant of power:

"The Mayor and Council of Salisbury shall have power to pass all by-laws and ordinances not contrary to law, as they may deem necessary for the good government of the city to preserve the health, peace and safety and well-being of the inhabitants, and the protection of property thereof; to prevent and remove all nuisances and obstructions from the streets, etc. * * * to regulate the construction or repairing of buildings, specifying the materials of which the same shall be built, and the granting of permits for the construction and repairing of buildings, and to require a reasonable fee for issuing such permit; * * * The Mayor and Council are further authorized generally to pass all necessary by-laws and ordinances not contrary to law for preservation of health, comfort, convenience, morals, cleanliness, peace and good order of the community, and for the protection of the lives and property of the citizens and inhabitants of said city, and for the suppression, abatement and discontinuance of nuisances within the limits of said city; for the purpose of carrying out the aforegoing powers the Mayor and Council may pass any and all ordinances and by-laws from time to time deemed necessary, and may enforce and insure the observance of such by-laws and ordinances in addition to the usual action of debt or such other civil remedies as may exist in such cases by law for the recovery of fees, fines and penalties thereto affixed; they may affix thereto reasonable penalty for default of payment of any fine and cost imposed for a violation of any ordinance or by-law."

Acting under this grant of power, the Mayor and Council of Salisbury enacted the following ordinance:

"An ordinance to regulate the erection or rebuilding of buildings in the City of Salisbury, Maryland, and the granting of permits therefor.

"Whereas, the Mayor and Council of Salisbury desires to preserve the health, safety and well-being of the inhabitants of Salisbury.

"Section 1. Be it enacted and ordained by the Mayor and Council of Salisbury, Maryland, That no person or persons, firm or corporation, shall erect or repair any building within the corporate limits of Salisbury without first making an application and receive a permit to do so from the Mayor and Council of Salisbury, and which application shall be accompanied by a fee of one dollar, which shall be the fee for every permit so granted, and said application shall be in writing, stating the proposed location, the size of the proposed building and the materials to be used, and the purpose for which it is to be used, and any person or persons who shall violate the provision of this ordinance shall upon conviction thereof before the Police Justice of Salisbury be fined the sum of $25.00 and the further sum of $5.00 for each and every day from the date the building is commenced, and upon the failure to pay said fine or fines and costs shall be committed to the county jail until fine or fines and costs are paid."

The Farmers and Planters Company, the appellant, in conformity with the provisions of this ordinance, made an application to the Mayor and Council of Salisbury for a permit for the erection of an addition to a building on the west side of Mill Street,

"to be used for the purpose of storing, mixing and bagging fertilizers; the front building to be 70 feet by 225 feet, two stories high. The basement walls and underpinning to be of concrete and be 18 inches thick; the walls of the first story to be about 14 inches thick

and the walls of the second and third stories to be about 14 inches thick. The roof to be of slate surfaced. Flues to start from the ground and to be at least 17 inches by 17 inches wide."

Some correspondence subsequently took place between the officers of the company and the town officials of Salisbury, which terminated in a refusal of the application, and the bill in this case asks that the ordinance already quoted be declared null and void; that the Mayor and Council of Salisbury be commanded to issue the permit as applied for; that pending the results of the suit the Mayor and Council should be enjoined from interfering with the erection of the building, and for other relief.

An answer was filed to this bill after a demurrer to it had been overruled, and that answer being filed under oath, denies the equities claimed in the bill. The case was heard on bill and answer. It is a familiar rule of law that where a case is heard upon bill and answer, and the answer swears away the equities of the bill, that the relief asked will not be granted, but the bill dismissed.

Going beyond this purely technical ground, the case is entirely covered in all of its most essential features by the decision of this Court in the case of *Easton* v. *Covey,* 74 Md. 262.

The legislative grant of power to the City of Salisbury was clearly, under the decisions in this State, a grant of police power, and the passage of the ordinance was an exercise of the power so granted. In no respect, therefore, can the passage of the ordinance be regarded in the light of an *ultra vires* act upon the part of the Mayor and Council of Salisbury, unless the ordinance was clearly unreasonable. The grant of power in this case was for the adoption of such ordinances as they may deem necessary, and none of the subsequent language in the section of the Act before referred to in any way tends to derogate from this broad grant of power.

It was said by this Court, in speaking through JUDGE MILLER, in *Easton v. Covey, supra,* that an ordinance passed under a similar clause "to regulate the erection of new buildings within the corporate limits by providing that no such building shall be erected without a permit therefor first obtained from the Commissioners, is not only reasonable but useful, if not essential to the welfare and prosperity of the town," and this legal proposition has been in no wise modified or limited by any subsequent decision of this Court.

The cases of *Stubbs v. Scott,* 127 Md. 86, and *Brown v. Stubbs,* 128 Md. 129, have fully recognized this rule; but the facts in those cases were so entirely different from the facts in the present case that no logical deduction can be drawn from either of these decisions which will strengthen the claim of the appellant in the case at bar.

Nor has the case of *M. & C. C. v. Radecke,* 49 Md. 217, any special application. The ordinance held void in that case vested in the Mayor of Baltimore an arbitrary right to revoke a permission granted under a general ordinance.

In the present case the action of the Mayor and Council of Salisbury was in its nature discretionary, not arbitrary. There was presented to the Mayor and Council, prior to the action upon the permit, letters and petitions of those living in the vicinity of the proposed addition, both for and against the grant asked for by the appellant. These appear to have been carefully weighed, and the refusal to have been made only after careful consideration.

The cases of *Bostock v. Sams,* 95 Md. 400, and *Byrne v. Md. Realty Co.,* 129 Md. 202, present an entirely different situation, and are without any special application in the present case, and the same may be said of many of the cases cited by the appellant upon its brief, though some of those turn entirely upon the language used in the grant of the power to the municipality or town, and which language is quite different from that used in the Act of 1912.

It is of course true that an ordinance cannot confer an unlimited discretion, but must be limited to cases which have been provided for and the manner prescribed by certain general and fixed rules. It was exactly this which the ordinance in question gives, specifying the various matters to be taken into consideration in the exercise of that discretion.

This Court, therefore, fully concurs with the Circuit Court for Wicomico County in the conclusion reached in the present case, and the decree appealed from will accordingly be affirmed.

*Decree affirmed, with costs.*