## A. ELLIS ENGLE *v.* CITY COMMISSIONERS OF CAMBRIDGE

[No. 51, October Term, 1941.]

*Decided December 4, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, and MAR-BURY, JJ.

*Frederick P. McBriety*, for the appellant.

*W. Laird Henry, Jr.*, for the appellee.

JOHNSON, J., delivered the opinion of the Court.

Upon this appeal from the Circuit Court for Dorchester County, the correctness of the trial court's action in dismissing appellant's petition for the writ of mandamus is questioned. The petition sought to have the writ issued commanding appellee to grant the petitioner a permit to erect on Sunburst Highway, in Cambridge, Maryland, a building constructed of brick and other fire resistant materials to be used for (1) a salesroom in which to display automobiles; (2) a service department for mechanical and repair work for automobiles, and (3) such miscellaneous and allied lines as might be profitably carried on with the business. The petition also asserts that on Sunburst Highway are garages of L. D. T. Noble and Joe Peters which are conparable in kind and character with that which the petitioner seeks to erect; that the building presents no fire hazard and the business which he seeks to carry on there is lawful. Filed as Exhibit B with the petition is a copy of Ordinance No. 50, New Series, passed by appellee on January 17, 1917. Section I of that Ordinance provides that "it shall be unlawful for any person or persons, firm, corporation, partnership, association or company, to erect, build, remodel, repair, rebuild, move or remove and dwelling house, ware-house, store-house, factory, mill, shop, stable, outbuilding, outhouse or any building or structure of any kind whatsoever, without first applying to and obtaining from the Commissioners of Cambridge a permit, authorizing such erection, building, remodeling, repairing, rebuilding, moving or removing, and when any such permit is granted the grantee of the same shall comply with

all of the conditions and requirements set forth in this ordinance and in the said permit."

Incidentally it may be mentioned that Ordinance No. 50, New Series, is a fire zone and building ordinance, and that except as quoted it in no way interferes with or controls the erection of buildings on Sunburst Highway.

The petition shows, and the answer admits, that application by appellant, individually, to build a garage and service station on Sunburst Highway was made January 29, 1941, and on February 5, 1941, at its second reading, there being no motion to grant the same, it was tabled, but on March 12, 1941, the application was rejected by the respondent. The answer denies that the proposed building will not present a fire hazard, and alleges that any building in which the sale of oil or gas is stored and used presents a fire hazard. Further answering, appellee asserts that under the provisions of Ordinance No. 50, New Series, the petitioner did not have the right without first securing a permit to erect the building described therein, and asserts that its judgment, due regard being had for the safety of the property and best interest of the city, required it to refuse the permit applied for, and under its general police powers it had a right to refuse the same. The answer was accompanied by a petition of protest filed with appellee and signed by more than fifty persons owning property on or near Sunburst Highway. The protestants stated that two filling stations were a sufficient number to serve gasoline, oil and grease to customers, and that Sunburst Highway was a dual highway and boulevard rapidly developing into a desirable residential section of East Cambridge, on which residents had built expensive homes in the hope that the section would be residential, and a building of an additional filling station on Sunburst Highway would mar the beauty of said section, depreciate the value of the homes on either side thereof, and would result in decreasing the demand for locations on which to build homes.

Stipulations and testimony on which the case was tried admitted that the only ordinance of Cambridge with re-

spect to building was Ordinance No. 50, New Series, enacted under the powers granted appellee by Maryland Legislature in Article 10, Section 64, Code of Public Local Laws of Maryland; that there are numerous residences which had been recently built on the opposite side of Sunburst Highway; that the permit for the garage occupied by Cambridge Auto Company was granted by the appellee in the year 1926, while the permit for the Peters Garage was granted shortly thereafter, and at the time of granting the said permits there were no objections filed with appellee by any person living in the neighborhood or else where, and that since the granting of such permits most of the residences had been erected, and only a few of them had been built prior thereto.

It was further stipulated that Sunburst Highway is a dual highway extending from the Choptank River to Route 213 leading from Cambridge to Salisbury, Maryland, the end of which joining said route at the place where the factories of the Phillips Packing Company or some of them are erected; that the Phillips Packing Company plants are three thousand feet distant from the Choptank River Bridge and located beyond the limits of Cambridge; that numerous streets intersect Sunburst Highway at approximately right angles, and said section of Cambridge is being rapidly developed by residential buildings, and is one of the three sections adjoining Cambridge or within the city limits thereof in which it is possible for Cambridge to grow and expand.

Section 63, Article 10, Code of Public Local Laws of Maryland, contains the following powers to appellee: "* * * to pass and enact all by-laws and ordinances not contrary to law, for the good government of the town of Cambridge, or that may be necessary and proper to promote and preserve the health of the town and the people thereof, and to protect and safeguard the town generally and every section and part of it * * *."

It would hardly be contended that, by virtue of the previously quoted section and the following section, the Commissioners of Cambridge were without power to pass

the ordinance mentioned, and this being true, the complaint of appellant is, stripped of all verbiage, no more and no less than a contention that he was discriminated against in the rejection of his application, but we think this question has already been answered by this Court in *Commissioners of Easton v. Covey*, 74 Md. 262, 22 A. 266; *Farmers' & Planters' Co. v. Mayor, etc., of City of Salisbury*, 136 Md. 617, 111 A. 112, and *Pocomoke City v. Standard Oil Co.*, 162 Md. 368, 159 A. 902. It is true that in the last mentioned case an ordinance existed prohibiting filling stations from that locality, but in the other cases no such ordinance existed, except to acquire a permit. These cases are entirely distinguishable from *Bostock v. Sams*, 95 Md. 400, 52 A. 665, 59 *L. R. A.* 282, 93 *Am. St. Rep.* 394; *Goldman v. Crowther*, 147 Md. 282, 128 A. 50, 38 *A. L. R.* 1455, and *Applestein v. Baltimore*, 156 Md. 40, 49, 143 A. 666. In the first of these cases, this Court held that the Charter of Baltimore did not authorize the City to confer upon an agency like the Appeal Tax Court a power so vague and undefined in its scope and so arbitrary in its character as that contained in the ordinance, while in *Goldman v. Crowther, supra,* we determined that the validity of a zoning ordinance could not be controlled by its possible benefits to the public, if in fact that benefit was purchased by appropriating the rights of property of individuals to public use without just compensation. We further held that when a statute had been enacted for the ostensible purpose of guarding the safety, health and comfort, this of itself did not necessitate its acceptance as the proper exercise of the police power, nor could a statute which was a proper exercise of that power be declared void merely because it resulted in circumscribing limits of individual conduct to narrow bounds.

The case of *Applestein v. Baltimore*, 156 Md. 40, 143 A. 666, Involved an effort to compel the Board of Zoning Appeals of Baltimore City to issue a permit for a specified use of a building, and the order dismissing the petition was affirmed, because the petitioner had a right of

appeal from the Board's refusal, which he failed to exercise.

In the present case there is no question of the delegation by appellee of its powers and duties to another agency with respect to issuing permits, but the duty of granting permits is lodged in and exercised by appellee, the recipient of the power. It would seem clear that Section I of the Ordinance is not only useful and essential to the welfare and prosperity of the town, because it regulates the erection of buildings therein, and if this be so, inasmuch as the power must be vested in the governing body of the town, the inquiry resolves itself into whether the power has been honestly exercised, or whether action on the part of appellee was arbitrary. In this case no arbitrary conduct on the part of appellee is suggested, and the mere fact that in his petition appellant asserts that the building to be erected will not constitute a fire hazard does not make it so, especially when the Commissioners deny it, and when the nature of the business shows to the contrary, and further when it shows the use to which the building is to be put is such that it is within the police powers.

In the present case no attempt is made, as none could well be made, to show the action of the appellee was arbitrary, because it held a hearing on the application of appellant, at which hearing was present appellant and his counsel as well as a number of citizens from Cambridge who objected to the granting of the permit. Following this hearing on March 12, they declined to grant the permit, which on its face shows that they took action after an extended period of deliberation. The action taken by them represents their calm and disinterested judgment as to what would be for the best interest of the City of Cambridge.

The order dismissing the petition will, therefore be affirmed.

*Order affirmed, with costs.*