United States Brewing Co., a Division of Canadian Ace Brewing Co., an Illinois Corporation, Plaintiff-Appellee, v. The Village of Alsip, a Municipal Corporation, et al., Defendants-Appellants.

Gen. No. 51,194.

First District, Third Division.

March 30, 1967.

Briody and Gentile, of Blue Island (Henry A. Gentile, of counsel), for appellants.

Schultz, Biro & Karmel, of Chicago, for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from a final order of injunction restraining the defendant, The Village of Alsip, and officers thereof, from interfering with the plaintiff's sale of its product known as "Jet" Near Beer, and with the subsequent sale of said product to the ultimate consumer regardless of the age of said purchaser. The trial court in its final order decreed that the Village

of Alsip was not authorized by statute, nor otherwise, to adopt the ordinance in question.

The defendant Village contends that the Village had authority to adopt the ordinance in question and that the complaint did not state a cause of action.

This case was decided on the complaint and motion to dismiss.

The defendant, the Village of Alsip, filed a motion to dismiss the complaint filed by the plaintiff seeking an injunction against the enforcement of a village ordinance. The pertinent portion of the ordinance is as follows:

> "**Section One.** That it shall be unlawful for any person or persons to sell any beverage containing any amount of alcoholic content, and more popularly known as 'near beer' to any person under twenty-one years of age."

The complaint alleged that the plaintiff was engaged in making and selling a nonalcoholic malt beverage known as "Jet" Near Beer, and that the ordinance was illegal. The pertinent parts of the complaint are the following:

Paragraph 1 of the complaint alleged that the plaintiff is engaged in making and selling malt beverages in the city of Chicago.

Paragraphs 2 to 8 alleged facts establishing that "Jet" Near Beer is not subject to the provisions of the Illinois Liquor Control Act, (Ill Rev Stats 1963, c 43, par 94), and that it contains less than one-half of one percent of alcohol by volume. The complaint further alleged that "Jet" Near Beer was made in the same manner as regular beer but that the alcohol was thereafter removed so that it contained less than one-half of one percent of alcohol by volume.

Paragraphs 10 and 11 alleged that the adoption of the ordinance was not authorized and was illegal.

The complaint further alleged that the plaintiff has been placed in a position where it has been threatened with irreparable damage by the illegal actions of the defendant in interfering with the sale of its product in the Village of Alsip. The complaint also alleged that the plaintiff's product is nonalcoholic, relying upon the Liquor Control Act of Illinois, which excludes near beer from its application, and upon certain letters received by the plaintiff from the Illinois Liquor Control Commission, the Alcohol and Tobacco Tax Division, Internal Revenue Service, U. S. Treasury Department and sections 5051–5052 of the United States Internal Revenue Code which does not require the payment of a federal beer tax on any product that contains less than one-half of one percent alcohol by volume.

The sole question before us for determination is whether or not the Village of Alsip has the power to pass an ordinance prohibiting the sale of a beverage containing less than one-half of one percent of alcohol by volume.

The defendants contend that the Village of Alsip had authority to adopt the ordinance in question under its statutory police powers and under the authority given to villages by section 11–5–3 of the Cities and Villages Act (Ill Rev Stats 1963, c 24, § 11–5–3), which provides as follows:

> "The corporate authorities of each municipality may prevent intoxication, fighting, quarreling, dog fights, cock fights and all other disorderly conduct."

The defendants then argue that persons under twenty-one years of age, who may be susceptible to the intoxicating effects of near beer with alcoholic content and to the stimulating effect of drinking the near beer, would be curbed from intoxication, fighting, quarreling and disorderly conduct by the ordinance in question. However, there are no facts in this case which would indi-

237

cate that near beer, or any beverage containing less than one-half of one percent of alcohol by volume, is intoxicating. The defendants could not have raised it because they filed a motion to dismiss the complaint. The complaint, on the other hand, alleges that it is nonalcoholic but that it contains less than one-half of one percent of alcohol by volume.

Historically, beverages containing less than one-half of one percent of alcohol by volume have been considered and construed to be nonintoxicating.

The Eighteenth Amendment to the Constitution of the United States, which was proclaimed ratified on January 29, 1919, in 40 US Statutes at Large, p 1941, read as follows:

> "SECTION 1. After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.
>
> "SECTION 2. The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

Section 3 provided the period in which it would become inoperative unless ratified.

Pursuant to this amendment of the constitution the Congress of the United States on October 28, 1919, adopted what was known as the Volstead Act, the title of which was "An Act to prohibit intoxicating beverages, and to regulate the manufacture, production, use, and sale of high-proof spirits for other than beverage purposes, and to insure an ample supply of alcohol and promote its use in scientific research and in the development of fuel, dye, and other lawful industries." Title I of said act contains in part the following language:

238

"The words, 'beer, wine, or other intoxicating malt or vinous liquors' in the War Prohibition Act shall be hereafter construed to mean any such beverages which contain one-half of 1 per centum or more of alcohol by volume: *Provided, That the foregoing definition shall not extend to dealcoholized wine nor to any beverage or liquid produced by the process by which beer, ale, porter or wine is produced, if it contains less than one half of 1 per centum of alcohol by volume, . . .*" (Emphasis supplied.)

Section 1 of Title II of the same act of Congress reads in part as follows:

"SEC. 1. When used in Title II and Title III of this Act (1) The word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whisky, rum, gin, beer, ale, porter, and wine, and in addition thereto any spirituous, vinous, malt, or fermented liquor, liquids and compounds, whether medicated, proprietary, patented, or not, and by whatever name called, containing one-half of 1 per centum or more of alcohol by volume which are fit for use for beverage purposes: *Provided, That the foregoing definition shall not extend to dealcoholized wine nor to any beverage or liquid produced by the process by which beer, ale, porter or wine is produced, if it contains less than one-half of 1 per centum of alcohol by volume, . . .*" (Emphasis supplied.)

The foregoing may be found in Statutes of the United States 1919, First Session, 66th Congress, pages 305, 307 and 308.

The State of Illinois in 1921 adopted the Illinois Prohibition Act and in section 2 of that act provided that the phrase "intoxicating liquor" did not extend to dealcoholized wine nor to any beverage or liquid produced by the process by which beer, ale, porter or wine is

produced, if it contains less than one-half of one percent of alcohol by volume. Smith-Hurd Illinois Revised Statutes 1923, chap 43, § 2. The Liquor Control Act of Illinois, entitled "An Act relating to alcoholic liquors" was approved on January 31, 1934, after the repeal of the Eighteenth Amendment to the United States Constitution. Section 1 of chap 43 (Ill Rev Stats 1963, c 43, par 94) reads in part as follows:

> "Section 1. This Act shall be liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall be fostered . . ."

Section 2.05 of the same act states that the provisions of the act shall not apply to any liquid or solid containing one-half of one percent, or less, of alcohol by volume.

From the foregoing constitutional amendment and the acts of Congress and of the State of Illinois, it can be readily seen that near beer including less than one-half of one percent of alcohol by volume has been construed to be nonintoxicating and not subject to any of the legislation relating to intoxicating liquor. Section 1 of the Liquor Control Act of Illinois (Ill Rev Stats 1963, c 43, par 94), provides that the act shall be liberally construed to the end that the health, safety and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall be fostered. By that very act, beverages containing one-half of one percent of alcohol by volume are excepted from the Liquor Control Act and it is obvious that the legislature considered that it was not necessary in the interest of health, safety or welfare of the People of the State of Illinois that the sale or manufacture of a beverage containing less than one-half of one percent

of alcohol by volume be regulated. The inference can readily be drawn, also, that our legislature construed near beer as being nonintoxicating, for certainly, if it were intoxicating it would be in the interest of the health, safety and welfare of the people to regulate its sale and manufacture. The argument of the defendant is based on the theory that near beer is an intoxicating beverage and for that reason should not be sold to persons under the age of twenty-one. Such a conclusion cannot be based upon the history of legislation construing intoxicating liquors, both by the Congress of the United States and the legislature of the State of Illinois.

The Court of Appeals of Georgia in Campbell v. City of Thomasville, 6 Ga App 212, 64 SE 815, defined near beer in the following language on page 821:

> "Also, at the beginning of the opinion, we may as well introduce to bench and bar this new recruit in the ranks of that army of subjects which are wont to trouble the courts, 'near beer,' and give its name a place in the roll of judicial definitions. 'Near beer' is a term now of general currency in this state, and perhaps elsewhere, used to designate any and all of that class of malt liquors which contain so little alcohol that they will not produce intoxication, even though drunk to excess. It includes all malt liquors which are not within the purview of the general prohibition law."

In People v. Cioppi, 322 Ill 353, 153 NE 604, the court found that an indictment using the term "intoxicating liquor" included brandy, whiskey, rum, gin, beer, ale and wine, and in addition thereto any spirituous, vinous, malt or fermented liquor, liquids and compounds, whether medicated, proprietary, patented or not, and by whatever name called, containing one-half of one percent or

more of alcohol by volume, which are fit for use for beverage purposes. By such definition near beer was excluded.

In Village of Westville v. Rainwater, 294 Ill 409, 128 NE 492, the defendant Rainwater was charged with selling and delivering a malt, cereal or grain beverage in violation of an ordinance of the Village of Westville. The ordinance in question made it unlawful for anyone to sell any malt, cereal, grain or fruit beverages without first having obtained a license to do so, which shall be known as a retail soft drink license. The ordinance provided that nothing therein contained shall be construed as operating to grant the right to sell beverages containing more than one-half of one percent alcohol. The defendant sold and delivered within the limits of the Village a beverage prepared from malt containing less than one-half of one percent alcohol by volume without a license. On page 412 the court said:

> "The business of delivering to the purchaser beverages containing less than one-half of one percent alcohol by volume was a lawful business, and the authority to require appellee to take out a license is not expressly or impliedly conferred on municipalities by the Cities and Villages Act."

In that case the court referred to the malt liquors containing less than one-half of one percent of alcohol by volume as nonintoxicating beverages.

██ An act which deprives a citizen of his liberty or property rights cannot be sustained under the police power unless a due regard for the public health, comfort, safety or welfare requires it. Western Theological Seminary v. City of Evanston, 325 Ill 511, 156 NE 778.

We do not believe that the ordinance in question bears any relationship to the public health, comfort, safety or welfare, and there is no express authority that we

can find in the statute giving a village the right to prohibit the sale of nonintoxicating beverages.

The defendants further contend that the Village may exercise police power concurrently with the State if the Village action is not repugnant to the State's exercise of the power. In Town of Cicero v. Weilander, 35 Ill App 2d 456, 467, 183 NE2d 40, the court said:

"Municipal authorities cannot under a general grant of power adopt or pass ordinances which infringe on the spirit of the State law or which are repugnant to the policy of the State as declared by its general regulations, but the police regulation of a municipality may differ from those of the State on the same subject if they are not inconsistent therewith."

The ordinance before us is inconsistent with the policy expressed by the State in the Liquor Control Act, in that the ordinance prohibits that which the State permits and it cannot be said that the ordinance complements the statute.

For the foregoing reasons we believe that the trial court properly denied the motion of the defendant to dismiss the complaint.

In deciding this case we have not considered the sufficiency of the complaint with regard to the allegation that the manufacturer sold "Jet" Near Beer in the city of Chicago. While the defendant contends in this court that the allegation would not justify an attack upon an ordinance of the Village of Alsip, the point is raised for the first time on appeal, and for that reason will not be considered here. People ex rel. Deynes v. Harriss, 333 Ill App 280, 77 NE2d 439.

The decision of the trial court is affirmed.

Affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.